**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Ronald BRAKKE, Defendant and Appellant.**

**Cr. No. 1227.**

Supreme Court of North Dakota.

June 24, 1987.

Robert G. Hoy, States Atty., Fargo, for plaintiff and appellee; argued by Keith W. Reisenauer, Asst. States Atty.

Ronald Brakke, pro se.

ERICKSTAD, Chief Justice.

Ronald D. Brakke appeals from the judgment of conviction entered by the Cass County Court on September 8, 1986, finding him guilty of driving a motor vehicle while under suspension in violation of Section 39-06-42, N.D.C.C., a class B misdemeanor, following trial by jury. We dismiss the appeal.

On March 29, 1986, Brakke was arrested in North Dakota for driving a motor vehicle while his drivers license was suspended. His license was earlier suspended in North Dakota on February 2, 1986, for failing to pay a speeding citation in Minnesota. At his arraignment in Cass County Court on March 31, 1986, Brakke plead not guilty. On July 21, 1986, the jury found him guilty, however, before the trial court imposed sentence Brakke informed the court that he had evidence that he had paid the Minnesota speeding citation and that therefore the suspension was improper. He offered photocopies of two money orders. The court withheld sentencing in light of Brakke's assertion that he had paid the Minnesota speeding ticket. On July 22, 1986, Brakke filed a "demand for a new trial." On August 1, 1986, Brakke filed a "motion for order to show cause." The trial court convened the hearing on both of those requests on August 4, 1986, and after several continued hearings the court denied both on September 8, 1986. On that date the court also entered the judgment of conviction and sentenced Brakke to pay a $150.00 fine.

On September 18, 1986, Brakke filed "a motion to vacate" the judgment which the court considered to be a motion in arrest of judgment.

On October 30, 1986, Brakke filed a notice of appeal to this Court from the judgment of conviction of September 8, 1986.

On November 18, 1986, the trial court entered an order denying Brakke's motion to vacate the judgment. None of the court's orders have been appealed to this Court.

Brakke raises three issues on appeal, however, before attempting to resolve those issues we must first determine whether or not the notice of appeal was timely filed, for if it were not timely filed we have no jurisdiction to act in this case.

In *State v. Neigum*, 369 N.W.2d 375, 377 (N.D.1985), we considered the time within which an appeal must be taken from a judgment as provided in Rule 4(b) of our Rules of Appellate Procedure as follows:

"The time limit imposed by Rule 4(b) within which a defendant must file a notice of appeal is mandatory and juris-

dictional, and cannot be waived by this court. *State v. Lawson,* 321 N.W.2d 514 (N.D.1982). Unless extended by the district court, upon a showing of excusable neglect, compliance with the 10–day limit is required. *State v. Metzner,* 244 N.W.2d 215 (N.D.1976). Substantial compliance with the provisions of Rule 4(b), insofar as the filing of a notice of appeal is concerned, is not sufficient to give this court jurisdiction over an appeal. See *State v. Lewis,* 300 N.W.2d 206 (N.D.1980). A defendant's pro se status does not relieve him of the requirement of strict compliance with procedural rules. *See Hennebry v. Hoy,* 343 N.W.2d 87 (N.D.1983)."

Rule 4(b), N.D.R.App.P.,[1] states that "the notice of appeal by a defendant must be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from." We note that Brakke's notice of appeal filed on October 30, 1986, from the judgment of conviction entered on September 8, 1986, is considerably past the 10–day time period within which a defendant is required to file the notice of appeal and the record discloses no evidence that Brakke sought to have the trial court extend the time for a later filing upon a showing of excusable neglect. However, Rule 4(b) also provides that "[i]f a timely motion in arrest of judgment ... has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion." Accordingly, we must decide whether or not Brakke's motion in arrest of judgment was timely filed.

Rule 34 of the North Dakota Rules of Criminal Procedure [2] provides that a "motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, or after plea of guilty, or within such further time as the court may fix during the 7–day period." Brakke's motion in arrest of judgment filed on September 18, 1986, was not made within 7 days of the jury's verdict nor does the record disclose that Brakke sought an extension within that time period or that the trial court granted such an extension within that time period. Without an extension of time for Brakke's motion in arrest of judgment to have been timely filed he would have had to file his motion by July 28, 1986, seven days after July 21, 1986, when the jury's verdict of guilty was rendered. *See United States v. Barney,* 691 F.2d 855 (8th Cir.1982); *United States v. Ferrer,* 613 F.2d 1188 (1st Cir.1980). Because Brakke's motion in arrest of judgment was not timely made under Rule 34, N.D.R.Crim.P., the denial date of that motion cannot be used as a starting date to compute the time for taking an appeal from the judgment under Rule 4(b), N.D.R.App.P.

1. Rule 4(b), N.D.R.App.P., provides as follows:

*"(b) Appeals in Criminal Cases.*

"(1) In a criminal case the notice of appeal by a defendant must be filed with the clerk of the trial court within 10 days after the entry of the judgment or order appealed from. *If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion.* A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within 10 days after entry of the judgment.

"(2) If an appeal by the state is authorized by statute, the notice of appeal must be filed with the clerk of the trial court within 30 days after the entry of the judgment or order appealed from.

"(3) A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. A notice of appeal filed after the announcement of a decision, sentence, or order but before entry of the judgment or order must be treated as filed after the entry and on the day thereof. Upon a showing of excusable neglect the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

2. Rule 34, N.D.R.Crim.P., reads as follows:

"RULE 34. ARREST OF JUDGMENT

"The court on motion of a defendant shall *arrest judgment if the indictment, information,* or complaint does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 7 days after verdict or *finding of guilty, or after plea of guilty, or within such further time as the court may fix during the 7–day period."*

Accordingly, Brakke's appeal is dismissed for lack of jurisdiction.

ERICKSTAD, C.J., and GIERKE, VANDE WALLE and LEVINE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, S.J., sitting in place of MESCHKE, J., disqualified.

RALPH J. ERICKSTAD,
Chief Justice