DAKOTA BANK AND TRUST CO. OF FARGO, a North Dakota Banking Association, Plaintiff and Appellee,

v.

FEDERAL LAND BANK OF SAINT PAUL, a corporation; Chester A. Brakke, aka Chester Arthur Brakke; Alice Brakke, aka Alice M. Brakke; Pioneer Life Trust; Ronald D. Brakke; Nancy D. Bye; Jean M. Brakke, deceased; Timothy J. Brakke; Karen Jean Brakke; Ronald Daren Brakke; Common Title Bond & Trust, a Nevada Trust PC—Trustee; United States of America; The Pierce Co., Inc.; South Dakota Wheat Growers Association; Rust Sales, Inc.; Donald Hansen; State of North Dakota; Horace Farmers Elevator Company; James Stegman; Hall GMC, Inc.; State of North Dakota, Vivian E. Berg, Disciplinary Board of the North Dakota Supreme Court of the State of North Dakota, Sarah Vogel and Nicholas Spaeth, of Bismarck, North Dakota; Esther A. Olson; all other persons unknown whether as heirs, legatees, devisees or creditors of Jean M. Brakke; and all persons unknown having or claiming an interest in, or lien or encumbrance upon, the real property described in the Complaint, Defendants,

Chester A. Brakke, aka Chester Arthur Brakke, Alice Brakke, aka Alice M. Brakke, and Ronald D. Brakke, Defendants and Appellants.

Civ. No. 880210.

Supreme Court of North Dakota.

March 21, 1989.

Lamb, McNair, Larson & Carlson, Ltd., Fargo, for plaintiff and appellee, argued by Bruce H. Carlson, Fargo.

Chester A. Brakke, pro se.

Alice Brakke, pro se.

Ronald D. Brakke, pro se.

LEVINE, Justice.

Chester Brakke, his wife, Alice Brakke, and their son, Ronald Brakke appeal from a district court judgment quieting title to certain real property in Dakota Bank and Trust Co. of Fargo (Bank), and ordering partition.

Alice and Chester were tenants in common, each holding an undivided one-half interest in real property located in Cass County, North Dakota. After obtaining a judgment against Chester, the Bank ultimately succeeded to Chester's undivided one-half interest in the real property and filed suit for partition and quiet title.[1]

Chester filed an answer to the complaint claiming, in part, improper service of process. Chester also filed a motion to dismiss for lack of personal jurisdiction. Chester, Alice and Ronald submitted affidavits in support of the motion to dismiss, attesting that they had not received personal service. The Bank moved for summary judgment against Chester asserting that because he was properly served, there was no genuine issue of material fact. The Bank also moved for default judgment against Alice and Ronald for failing to answer. The Bank alleged that Chester and Alice were personally served and that because the Bank was unable to personally serve Ronald, he was properly served by publication.

A hearing was held on the motions, but the Brakkes did not appear. The court determined that Chester's motion to dismiss was not timely, but that there was a jurisdictional issue concerning the adequacy of service of process. The court scheduled an evidentiary hearing. The hearing was rescheduled because of difficulty in serving the Brakkes and notice of the rescheduled hearing was sent to Chester, Alice, and Ronald by mail to their Horace address listed in Chester's answer and the Brakkes' affidavits, and also to a Fargo address. The Brakkes did not attend the evidentiary hearing.

Following that hearing, the court determined that service was sufficient and the court had personal jurisdiction over Chester, Alice and Ronald. The court denied the motions for summary judgment against Chester and default judgment against Al-

---

1. Although this action involves numerous defendants, only Chester, Alice and Ronald Brakke have appealed.

ice, finding that Alice's answer was included in the answer filed by Chester. The court granted the motion for default judgment against Ronald.

The case was set for a court trial and notice was mailed to Chester and Alice at Horace, North Dakota. Chester and Alice did not appear at trial. Ronald appeared at the beginning of the trial but left immediately, without explanation. The court heard testimony of the Bank's witnesses and received exhibits. On June 13, 1988, judgment was awarded for the Bank.

Chester, Alice and Ronald appealed, pro se, claiming, inter alia, that (1) they had not received service of process; and (2) the trial court erred in refusing to grant them a jury trial. Although the Brakkes requested oral argument for this appeal, they did not appear.

### I. Service of Process

Whether or not service was made is a fact issue to be reviewed by this court pursuant to NDRCivP 52(a). *State v. Red Arrow Towbar Sales Co.*, 298 N.W.2d 514, 516 (N.D.1980). We will not reverse the trial court's findings of fact unless clearly erroneous. Rule 52(a), NDRCivP. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Sorum v. Schwartz*, 411 N.W.2d 652, 654 (N.D.1987).

We first address the sufficiency of service of process upon Chester and Alice. Chester and Alice argue that they were not personally served as required under the North Dakota Rules of Civil Procedure.

■ In our review of the sufficiency of process, we may only consider evidence that appears in the record. *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236, 239 (N.D.1988). The trial court indicated that at the evidentiary hearing, it heard testimony of two Cass County deputies who had filed sheriff's returns of personal service. Based upon this testimony, the affidavits

of service, admissions of service, and returns of service, the court determined that it had personal jurisdiction over all of the defendants.

■ We are unable to review the testimony of the deputies because there is no transcript of the evidentiary hearing in the record. It is the appellants' responsibility to order a transcript under Rule 10(b), NDRAppP, and thus they must suffer the consequences if no transcript is ordered or transmitted. *State v. Raywalt*, 436 N.W. 2d 234 (N.D.1989); *City of Bismarck v. Bauer*, 409 N.W.2d 90, 91 n. 1 (N.D.1987). The record contains a sheriff's return, signed by a deputy sheriff of Cass County certifying that on April 1, 1987, the deputy served the summons and complaint on Alice by delivering a copy of the document to her, and the deputy served Chester by delivering a copy to Alice at their "dwelling or usual place of abode." This is in accordance with Rule 4(d)(2)(A), NDRCivP, which allows service of process within the state "upon an individual 14 or more years of age by (i) delivering a copy of the summons to him personally; (ii) leaving a copy thereof at his dwelling house or usual place of abode in the presence of a person of suitable age and discretion then residing therein...."

In addition, the record contains an affidavit signed by the Bank's attorney attesting that Chester had been served, and another affidavit, signed by another attorney for the Bank, attesting that Alice had been served.

A sheriff's return is prima facie proof that service occurred and of the facts stated in the return. NDCC § 11–15–16; *Red Arrow, supra*. The parties challenging the sheriff's return have the burden of establishing its insufficiency or falsity. *Turnquist v. Kjelbak*, 77 N.W.2d 854, 859 (N.D. 1956).

Chester and Alice did not appear at either the evidentiary hearing or trial to supplement the record, nor did they initiate post-judgment procedures. *See Flex Cred-*

*it, Inc., supra.* Chester and Alice rely on the affidavit of a third person and their own affidavits submitted with Chester's motion to dismiss attesting that they were not personally served.

A trial court's findings of fact are presumptively correct. *Gabel v. Gabel,* 434 N.W.2d 722 (N.D.1989) (Civil No. 880219, filed 1/09/89); *Dick v. Dick,* 414 N.W.2d 288, 290 (N.D.1987). We will not reexamine questions of fact decided by the trial court upon conflicting evidence and must give due regard to the trial court's ability to assess the credibility of witnesses. *Williston Co-op Credit Union v. Pesek,* 363 N.W.2d 548, 550 (N.D.1985). The trial court found that, based upon the record, Alice and Chester were properly served. We conclude that the trial court's findings are not clearly erroneous.

We next address the sufficiency of service of process upon Ronald.[2] Ronald concedes that service by publication is proper under the North Dakota Rules of Civil Procedure, but objects to the Bank's service by publication on the ground that he has "received demands from Appellee Dakota Bank in other litigation stating that service of process by publication was not acceptable to them," and that the Bank's attorney has "demanded that personal service be made upon his clients." We find this argument to be without merit.[3]

■ Ronald also argues that publication did not constitute proper service because he did not receive the newspaper containing the publication. The rules, however, do not require that the publication be received, but only that the Bank publish in an official newspaper in the county in which the action is pending. NDRCivP 4(e)(3). *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315–17, 70 S.Ct. 652, 657–59, 94 L.Ed. 865 (1950) (court recognized publication as "customary substitute" but noted the fiction of actual notice

by publication). We conclude that the trial court did not err in rejecting Ronald's arguments and in finding that service of process on Ronald was sufficient.

## II. Jury Trial

Chester, Alice and Ronald contend that the trial court erred in refusing to grant them a jury trial. In his answer to the summons and complaint, Chester demanded a jury trial. The trial court, in denying a jury trial, found that no other defendant had demanded a jury trial, and "the vague allegations contained in the answer of Chester Brakke do not create a sufficient fact which would warrant the assignment of this case for trial by jury." The court ordered a bench trial.

■ Whether a party is entitled to a jury trial depends upon whether the case is an action at law or an action in equity. *Midwest Federal Savings & Loan Assn. of Minot v. Kouba,* 335 N.W.2d 780, 783 (N.D. 1983); *Northwestern Bell Telephone Co. v. Cowger,* 303 N.W.2d 791, 794 (N.D.1981). In an equitable action, there is no absolute right to a jury trial. *Midwest Federal Savings & Loan Assn., supra.* Actions for partition and quiet title are equitable actions. *Rohrich v. Rohrich,* 434 N.W.2d 343, 346 (N.D.1989); *Schnell v. Schnell,* 346 N.W.2d 713, 715 (N.D.1984). It follows that there is no absolute right to a jury trial in an equitable action for partition and quiet title and the trial court did not err in refusing to grant Chester and Alice a jury trial. Since Ronald did not request a jury trial, we deem his argument on the issue to be frivolous.

We regard the other issues raised by the Brakkes to be without merit.

Accordingly, we affirm.

ERICKSTAD, C.J., and VANDE WALLE and GIERKE, JJ., and

---

2. Because the trial court appears to have concluded that Ronald raised the issue of personal jurisdiction over him in concert with Chester, we will review the issue.

3. No constitutional or statutory issues, *see* NDCC §§ 32–17–07, 32–16–06, have been raised and thus none will be considered.

VERNON R. PEDERSON,* Surrogate Justice, concur.