**DAKOTA BANK AND TRUST CO. OF FARGO, a North Dakota Banking Association, Plaintiff and Appellee,**

v.

**FEDERAL LAND BANK OF SAINT PAUL, a corporation; Chester A. Brakke, a/k/a Chester Arthur Brakke; Alice Brakke, a/k/a Alice M. Brakke; Pioneer Life Trust; Ronald D. Brakke; Nancy D. Bye; Jean M. Brakke, de-**

overlapping sentences which were to run concurrently.

ceased; Timothy J. Brakke; Karen Jean Brakke; Ronald Daren Brakke; Common Title Bond & Trust, a Nevada Trust PC—Trustee; United States of America; The Pierce Co., Inc.; South Dakota Wheat Growers Association; Rust Sales, Inc.; Donald Hansen; State of North Dakota; Horace Farmers Elevator Company; James Stegman; Hall GMC, Inc.; State of North Dakota, Vivian E. Berg, Disciplinary Board of the North Dakota Supreme Court of the State of North Dakota, Sarah Vogel and Nicholas Spaeth, of Bismarck, North Dakota; Esther A. Olson; all other persons unknown whether as heirs, legatees, devisees or creditors of Jean M. Brakke; and all persons unknown having or claiming an interest in, or lien or encumbrance upon, the real property described in the Complaint, Defendants,

Chester A. Brakke, a/k/a Chester Arthur Brakke; Alice Brakke, a/k/a Alice M. Brakke; and Ronald D. Brakke, Defendants and Appellants.

Civ. 890228.

Supreme Court of North Dakota.

March 29, 1990.

Bruce H. Carlson, of Lamb, McNair, Larson & Carlson, Ltd., Fargo, for plaintiff and appellee.

Ronald D. Brakke, Horace, pro se.

Chester Brakke and Alice Brakke, Fargo, pro se.

VANDE WALLE, Justice.

Chester Brakke, Alice Brakke, and Ronald Brakke have appealed from a district court judgment partitioning real property. We affirm.

Dakota Bank and Trust Co. of Fargo (Bank) succeeded to Chester Brakke's undivided one-half interest in certain real property and sued to quiet title and partition the property. In *Dakota Bank and Trust Co. v. Federal Land Bank*, 437 N.W.2d 841 (N.D.1989), we affirmed a district court judgment quieting title to the property in the Bank and ordering partition of the property. In this appeal from the subsequent judgment partitioning the property, the Brakkes have raised issues as to whether the trial court erred in (1) determining that it had jurisdiction; (2) failing "to determine who was the title owner of the property;" (3) failing "to recognize his prejudice and recuse himself;" (4) failing to provide notice of hearings; and (5) failing "to recognize the stay of all proceedings regarding the Bankruptcy of Alice Brakke and the Bankruptcy of E.L. Price Trust, Elaine Price Trust a/k/a and d/b/a E.L. Price Bank."

The first three issues were raised and rejected in *Dakota Bank and Trust Co. v. Federal Land Bank, supra.* Our resolution of those issues in that decision has become the law of the case and those issues are not open for reconsideration on this appeal. *Bank of Steele v. Lang*, 441 N.W.2d 648 (N.D.1989).

The Brakkes contend that the trial court erred in failing to provide notice of hearings. The record contains notices of hearings and affidavits of service. There is no record evidence that the Brakkes were not provided notices of hearings. "A claim of insufficiency of process, unsupported by facts and documentation, is not enough to upset a judgment." *Farm Credit Bank v. Stedman*, 449 N.W.2d 562, 565 (N.D.1989). *See also Production Credit Ass'n v. Obrigewitch*, 443 N.W.2d 923 (N.D.1989); *Production Credit Ass'n v. Obrigewitch*, 443 N.W.2d 304 (N.D.1989) [issue as to service should be raised before the trial court]. The argument is without merit.

■ Finally, the Brakkes assert that the trial court erred in failing to "recognize the stay of all proceedings" due to bankruptcy proceedings. The argument is without merit.

The Brakkes assert in their brief:

"A bankruptcy petition was filed on the E.L. Price Trust, Elaine Price Trust a/k/a and d/b/a E.L. Price Bank, Bankruptcy Case No. 89–05066–01–11. That said property listed in the Judgment and Decree of Partition is considered an asset of the Bankruptcy Estate in which a stay is currently in existence."

The Bank asserts in its brief that "the issue is, nevertheless, moot because the E.L. Price Bankruptcy has been dismissed *with* prejudice and, as a result, has no bearing on this case whatsoever." The Brakkes have not demonstrated that the E.L. Price Trust has any interest in the property involved and, thus, have not demonstrated either error or prejudice.

The Brakkes have also asserted that the trial court "also failed to recognize the stay regarding the Bankruptcy Petition of Appellant Alice Brakke." The record, however, contains an order issued on May 5, 1989, by a United States Bankruptcy Judge in Bankruptcy No. 89–05248, in which Alice Brakke is the debtor. That order states:

"IT IS ORDERED, that the Dakota Bank and Trust Company of Fargo is granted relief from the automatic stay of 11 USC § 362 effective upon the entry of this Order and effective as to any future filings of the debtor."

■ Rule 38, N.D.R.App.P., provides that if we determine that an appeal is frivolous, we "may award just damages and single or double costs including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984). This is such an appeal.

The judgment is affirmed and, pursuant to Rule 38, N.D.R.App.P., we award the Bank single costs and attorney fees in the amount of $250.

ERICKSTAD, C.J., LEVINE, J., VERNON R. PEDERSON, Surrogate Judge, and BENNY A. GRAFF, District Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, and BENNY A. GRAFF, District Judge, sitting in place of MESCHKE and GIERKE, JJ., disqualified.