FARM CREDIT BANK OF ST. PAUL, f/k/a Federal Land Bank of St. Paul, a federally chartered instrumentality of the United States, Plaintiff,

and

Kirk Cossette, Plaintiff and Appellee,

v.

Chester A. BRAKKE, Alice Brakke, individually and as a trustee of Pioneer Life Trust, Nancy Bye, Ronald D. Brakke, individually and as a trustee of E.L. Price Trust, Pioneer Life Trust, Harold Bergman, individually and as a trustee of Common Title Bond & Trust, Common Title Bond & Trust, E.L. Price Trust, Elaine Price Trust, and E.L. Price Bank, Defendants,

Chester A. Brakke, Alice Brakke, Ronald D. Brakke, Defendants and Appellants.

FARM CREDIT BANK OF ST. PAUL, f/k/a Federal Land Bank of St. Paul, a federally chartered instrumentality of the United States, Plaintiff,

and

Kirk Cossette, Plaintiff and Appellee,

v.

Chester A. BRAKKE, Alice Brakke, individually and as a trustee of Pioneer Life Trust, Nancy Bye, Ronald D. Brakke, individually and as a trustee of E.L. Price Trust, Pioneer Life Trust, Harold Bergman, individually and as a trustee of Common Title Bond & Trust, E.L. Price Trust, Elaine Price Trust, and E.L. Price Bank, Defendants,

Alice Brakke, Ronald D. Brakke, Defendants and Appellants.

Civ. Nos. 930227, 930312.

Supreme Court of North Dakota.

March 8, 1994.

Michael D. Nelson (argued), Ohnstad Twichell, West Fargo, for plaintiff and appellee.

Ronald D. Brakke (argued), pro se.

NEUMANN, Justice.

Farm Credit Bank (FCB) and purchaser (Cossette) brought suit to quiet title and to enjoin defendants' (Brakkes) interference with their use of the land. The district court quieted title in FCB and Cossette, and permanently enjoined Brakkes from interfering with their ownership. Brakkes appealed. The permanent injunction was affirmed in part, and remanded with instructions to delete two specific provisions of the injunction. *Farm Credit Bank of St. Paul v. Brakke,* 483 N.W.2d 167 (N.D.1992). The case was also remanded for the limited purpose of determining whether or not Brakke were entitled to compensation for their costs associated with services performed on Cossette's tract of land before the partition judgment was entered. On remand, the district court tried and dismissed Brakkes' equitable action, and denied their motion for a new trial. Brakkes appeal from the judgment of dismissal, and the order denying the motion for a new trial. We affirm.

The facts of this appeal pick up where we left off in *Brakke,* 483 N.W.2d at 167, in which we affirmed in part, reversed in part, and remanded for the limited purpose of determining the Brakkes' equitable claim for expenses incurred in planting, cultivating, fertilizing, and spraying for weeds and insects before the partition judgment was entered. Consistent with that opinion, the trial court amended the permanent injunction, and set a trial date to determine the equitable issue remanded. On February 25, 1993, in connection with setting the trial date for May 6, 1993, the district court granted Cossette's motion to strike Brakkes' certificate of nonreadiness.

In March of 1993, Brakkes commenced two new lawsuits, one in state district court and one in federal district court. The list of over 35 named defendants in these actions included the State of North Dakota, Cass County, Cass County Judges Georgia Dawson and Frank Racek, and state district court Judges Lawrence Leclerc and Cynthia Rothe. The claims against Judge Rothe arise out of her earlier rulings in this case. Seeking a continuance until an impartial judge could sit on the case, on April 23, 1993, Brakkes filed an "Ex Parte Motion for Continuance." Judge Rothe denied this motion from the bench at the outset of the trial on May 6, 1993. The only party present at the trial of the equitable issue was Cossette, who appeared personally and with counsel. The Brakkes did not appear personally, and no counsel appeared on their behalf. At the conclusion of the hearing, Judge Rothe ordered that Brakkes' equitable claim be dismissed, and judgment was entered later that same day.

On June 9, 1993, Brakkes filed a motion for a new trial, and on July 1, 1993, filed a notice of appeal from the judgment of dismissal of the equitable claim. On July 28, 1993, we remanded the case to the district court for the limited purpose of allowing the trial court to consider the pending motion for new trial. The hearing on the motion for a new trial was held on September 8, 1993. A continuance motion made by Brakkes was denied from the bench at the start of the

September 8, 1993, hearing. After receiving exhibits into evidence, and listening to the parties' arguments, Judge Rothe ruled from the bench and denied the motion for a new trial. Brakkes appealed from this order as well.

■ The appeal from the judgment of dismissal of the equitable claim and the appeal from the order denying the motion for a new trial have been consolidated here. We preface our discussion of the issues by noting the lack of a transcript on appeal. "Without a transcript, we can review only the briefs and record to make a 'meaningful and intelligent' decision regarding the outcome of this case." *Hieb v. Jelinek*, 497 N.W.2d 88, 90 (N.D. 1993). It is the appellants' responsibility to obtain a transcript. *Dakota Bank & Trust Co. of Fargo v. Federal Land Bank of St. Paul*, 437 N.W.2d 841 (N.D.1989); N.D.R.App.P. Rule 10(b). They therefore must bear any consequences of failing to provide a transcript on appeal. *Dakota Bank & Trust Co. of Fargo*, 437 N.W.2d at 841.

■ Brakkes raise several issues on appeal. The most noteworthy of these is the argument that the trial judge should have recused herself. Brakkes state two reasons for this proposition. First, they argue that the trial judge was not impartial, and second, they argue that recusal was required because the trial judge was a named defendant in an action initiated by the Brakkes. Judges' disqualification decisions are directed by the North Dakota Rules of Judicial Conduct. *E.g., Sargent County Bank v. Wentworth*, 500 N.W.2d 862, 877 (N.D.1993); N.D.R.Jud. Cond.Rules 2 & 3. Violation of a Rule of Judicial Conduct can result in reversal of a judgment. *Wentworth*, 500 N.W.2d at 879–80.

The Rules provide that a judge is required to avoid impropriety and the appearance of impropriety in all the judge's activities. Rule 2. Disqualification "is appropriate when the judge's impartiality might reasonably be questioned." Rule 3(C)(1). The appearance of impartiality can be as important as the fact. Rule 3(C).

"The disqualification directions in Rule 3(C) are not merely guidelines; they are mandatory. Our primary concern is the preservation of public respect and confidence in the integrity of the judicial system, which 'can only be maintained if justice satisfies the appearance of justice.' Even without intentional bias, disqualification can be essential to satisfy the appearance of justice."

*Wentworth*, 500 N.W.2d at 877–78 (citations omitted).

■ Brakkes' claim of actual bias or lack of impartiality is without merit. "The law presumes a judge is unbiased and not prejudiced." *Terry v. State*, 602 N.E.2d 535, 540 (Ind.Ct.App.1992). Brakkes have failed to raise any valid instance or evidence of actual bias or lack of impartiality. A ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification. *E.g., In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir.1993); *see also Wentworth*, 500 N.W.2d at 879 n. 10 ("A disagreement on legal questions does not evidence bias."). To the contrary, it appears this trial judge has persevered through what, at times, must have been trying proceedings.

■ Additionally, Brakkes argue that the mere fact that the trial judge has been named as a defendant in a lawsuit they filed is enough to require the judge's recusal. Brakkes rely on Rule 3(C) of the North Dakota Rules of Judicial Conduct, which requires judges to disqualify themselves when they find themselves in proceedings in which their impartiality might reasonably be questioned.

This is a matter of first impression in this state. We decline Brakkes' invitation to adopt such a per se rule. In so doing, we join the overwhelming number of jurisdictions that have rejected a flat rule that would allow litigants to eliminate judges they found unsatisfactory merely by filing lawsuits against those judges. *E.g., In re Hipp, Inc.*, 5 F.3d at 109; *Andersen v. Roszkowski*, 681 F.Supp. 1284 (N.D.Ill.1988), *aff'd*, 894 F.2d 1338 (7th Cir.1990); *United States v. Blohm*, 579 F.Supp. 495 (S.D.N.Y.1983); *In re Martin–Trigona*, 573 F.Supp. 1237 (D.Conn. 1983), *appeal dismissed*, 770 F.2d 157 (2d

Cir.1985), *cert. denied,* 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986); *In re Schaefer,* 154 B.R. 227 (Bankr.S.D.Tex.1993); *In re Krisle,* 54 B.R. 330 (Bankr.D.S.D.1985); *In re Ronwin,* 139 Ariz. 576, 680 P.2d 107, 117 (1983) ("To honor such a technique would be to put the weapon of disqualification in the hands of the most unscrupulous."), *cert. denied sub nom. Ronwin v. Supreme Court of Ariz.,* 464 U.S. 977, 104 S.Ct. 413, 78 L.Ed.2d 351 (1983); *Terry,* 602 N.E.2d at 535; *Spremo v. Babchik,* 155 Misc.2d 796, 589 N.Y.S.2d 1019 (N.Y.Sup.Ct.1992).

■ "A judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir.1977), *cert. denied sub nom. Grismore v. United States,* 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978). These decisions, however, must be evaluated on an individual basis. When making recusal decisions, the judge must determine whether a reasonable person could, on the basis of all of the facts, reasonably question the judge's impartiality. *E.g., In re Hipp, Inc.,* 5 F.3d at 109; *see Wentworth,* 500 N.W.2d at 862 (attorney represented judge in active suit). Without a transcript, we do not know whether the trial judge used this standard in reaching her decision not to recuse herself.

■ The appearance of partiality test is one of reasonableness. Although it has been said that judges should err on the side of caution and always disqualify themselves in cases raising "close questions," *Potashnick v. Port City Const. Co.,* 609 F.2d 1101, 1112 (5th Cir.1980), *reh'g denied,* 613 F.2d 314 (5th Cir.1980), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980), recusal is not required in response to spurious or vague charges of partiality. *In re Martin–Trigona,* 573 F.Supp. at 1243.

Although by no means intended to be an exhaustive list, the growing body of case law on this topic illustrates some facts and circumstances a reasonable person might consider. Of principal importance is whether it appears the litigant is using the claim as a vehicle for judge shopping, or for some other improper agenda. A reasonable person might consider whether there is a discernible pattern to the litigant's approach to litigation. *E.g., In re Martin–Trigona,* 573 F.Supp. 1237 (pattern of admiring judges until adverse ruling, at which time suits would be filed against the judge, the judge's family, and anyone else in range).[1] The timing of the motion or the filing of the suit may be relevant. *E.g., In re Hipp, Inc.,* 5 F.3d at 116–17 (claim filed only days before scheduled trial date "was manufactured and submitted in an effort to gain a continuance and/or recusal of this judge."); *see also In re Krisle,* 54 B.R. at 348 (motion was not filed until after the trial court's findings were issued). Acts or words of litigants may also be relevant. *E.g., In re Martin–Trigona,*

1. As a local example, we cite several of Ronald Brakke's appeals to this court: *Western Life Trust et al. v. State et al.,* No. 940015 (N.D. entered Jan. 19, 1994) (appeal dismissed as not appealable); *Western Life Trust et al., v. State et al.,* No. 930385 (N.D. entered Dec. 8, 1993) (appeal dismissed as no final judgment had been entered); *Western Life Trust et al. v. State et al.,* No. 930240 (N.D. entered July 21, 1993) (application for supervisory writ denied, and appeal from nonappealable orders dismissed); *State v. Brakke,* No. 910076 (N.D. entered Oct. 9, 1991) (appeal dismissed for failure to proceed); *State ex rel. Preszler v. Common Title Bond and Trust et al.,* No. 900394 (N.D. entered Feb. 21, 1991) (dismissed appeal from nonappealable order); *State v. Brakke,* No. 900424 (N.D. entered Dec. 12, 1990) (appeal dismissed for failure to appeal from an order for writ of habeas corpus ad prosequendam); *State v. Brakke,* No. 900410 (N.D. entered Nov. 28, 1990) (appeal dismissed); *State v. Brakke,* No. 900149 (N.D. entered April 4, 1990) (appeal dismissed); *Dakota Bank and Trust Co. of Fargo v. Federal Land Bank of St. Paul et al.,* 453 N.W.2d 610 (N.D.1990) (appeal from adverse judgment affirmed in all respects); *Federal Land Bank of St. Paul v. Brakke,* 447 N.W.2d 329 (N.D.1989) (appeal from mortgage foreclosure affirmed in all respects); *Dakota Bank and Trust Co. of Fargo v. Federal Land Bank of St. Paul et al.,* 437 N.W.2d 841 (N.D.1989) (appeal from adverse judgment affirmed in all respects); *Federal Land Bank of St. Paul v. Overboe et al.,* 426 N.W.2d 1 (N.D.1988) (appeal from adverse judgment dismissed for failure to file cost bond, and noted that major issues on appeal were of "dubious merit"); *Runck v. Brakke,* 421 N.W.2d 487 (N.D.1988) (dismissed appeal from nonappealable order); *Brakke v. Rudnick et al.,* 409 N.W.2d 326 (N.D.1987) (defendants in suit brought by Brakkes included: Sheriff of Cass County, State of North Dakota, a State's Attorney, and several Deputy Sheriffs for Cass County); *State v. Brakke,* 408 N.W.2d 735 (N.D.1987) (dismissed untimely appeal).

573 F.Supp. at 1242 (litigant stated, "You [*i.e.* the court] will go to bed at nights saying I wish that Martin–Trigona case would go away."). The bottom line is whether a reasonable person would believe there was a legitimate basis for bringing the suit.

■ This is not to say that judges need never recuse themselves when faced with a lawsuit from a litigant. *Terry,* 602 N.E.2d at 541; *see In re Krisle,* 54 B.R. at 330 (judge recused himself). However, absent some additional showing of bias or prejudice resulting from the lawsuit, a litigant's lawsuit alone will not ordinarily require recusal. *Terry,* 602 N.E.2d at 541. Brakkes' lawsuit against Judge Rothe stands alone, and for that reason she was not required to recuse herself.

Another issue Brakkes raise is the propriety of attorney Michael D. Nelson's representation of FCB. This attack is not appropriately raised on this appeal. Since the remand in *Brakke,* 483 N.W.2d at 167, FCB has not been an active party to this action. The scope of the issue on remand was limited to the Cossette land. *Id.* at 173 n. 6 ("Alice's counterclaim against FCB did not assert that FCB converted the 1989 crops on the FLB land."). The judgment dismissing Brakkes' equitable claim further clarifies that the claim "involves only plaintiff Kirk Cossette." For these reasons, Brakkes' argument is misplaced.

Brakkes' allegations of "secret ex-parte proceedings" and lack of notification are devoid of any legal or factual basis. Although Brakkes may not understand established legal procedure, on appeal we require appellants to do more than assert unsubstantiated claims. Brakkes fail to support their accusations of secret proceedings and failure to notify; in fact, the record appears to rebut these accusations.

■ Brakkes' remaining arguments are also without merit. We decline Brakkes' invitation to revisit issues that have been decided in prior appeals. *In re Admin. By First Trust Co. of N.D.,* 490 N.W.2d 484, 487 n. 2 (N.D.1992). The remand in *Brakke,* 483 N.W.2d at 167, was limited in scope to the issue of Brakkes' claim to compensation for costs incurred in planting, cultivating, ferti-

lizing, and spraying before the partition judgment was entered. The issues of the propriety of the injunction, quiet title, and jurisdiction are res judicata. *In re Admin. By First Trust Co. of N.D.,* 490 N.W.2d at 487 n. 2. *See Dakota Bank & Trust Co. of Fargo,* 437 N.W.2d at 841 (affirmed judgment quieting title to an undivided one-half interest in both tracts of land in Dakota Bank and appointed referee to partition land); *Federal Land Bank of St. Paul v. Brakke,* 447 N.W.2d 329 (N.D.1989) (affirmed judgment foreclosing Alice's interest in the FLB land) *Dakota Bank & Trust Co. of Fargo v. Federal Land Bank of St. Paul,* 453 N.W.2d 610 (N.D.1990) (affirmed partition judgment awarding Cossette land to Dakota Bank, and FLB land to Alice Brakke, her successors and assigns), *cert. denied sub nom. Brakke v. Dakota Bank and Trust Co. of Fargo,* 498 U.S. 869, 111 S.Ct. 188, 112 L.Ed.2d 151 (1990); *Brakke,* 483 N.W.2d at 167 (affirmed eviction judgment; affirmed in part permanent injunction, remanding with instructions to delete two specific provisions of injunction dealing with harassment and limitations of filing future actions; remanded for limited purpose of determining whether Brakke entitled to compensation for services performed on Cossette's land).

For the above stated reasons we affirm.

VANDE WALLE, C.J., and SANDSTROM, J., and VERNON R. PEDERSON, Surrogate Judge, concur.

LEVINE, J., concurs in the result.

PEDERSON, VERNON R., Surrogate Judge, sitting in place of MESCHKE, J., disqualified.