WESTERN LIFE TRUST; Kara Brakke; Ronald Daren Brakke; Timothy Brakke; and Ronald Duane Brakke, Plaintiffs and Appellants,

v.

The STATE of North Dakota; The County of Cass, in its corporate capacity; Donald Rudnick, in his capacity as sheriff, and as an individual; Mike Argall, in his capacity as deputy sheriff, and as an individual; Budd Warren, in his capacity as deputy sheriff, and as an individual; Dean Fercho, in his capacity as deputy sheriff, and as an individual; Gail Wischmann, in her capacity as deputy sheriff, and as an individual; Chris Denis, in his capacity as deputy sheriff, and as an individual; Glenn Ellingsberg, in his capacity as deputy sheriff, and as an individual; Two unknown sheriff's deputies; Robert Hoy, in his capacity as an attorney, and as an individual; David D. Hagler, in his capacity as an attorney, and as an individual; Michael McGuire, in his capacity as an attorney, and as an individual; Cynthia Rothe, in her capacity as an attorney, and as an individual; Michael Nelson, in his capacity as an attorney, and as an individual; Lawrence Leclerc, in his capacity as an attorney, and as an individual; Georgia Dawson, in her capacity as an attorney, and as an individual; Frank Racek, in his capacity as an attorney, and as an individual; Carson Byram, in his capacity as probation officer, and as an individual; Barbara Breiland, in her capacity as probation officer, and as an individual; Rich Schuchard, in his capacity as probation officer, and as an individual; Dakota Bank and Trust Company, in its corporate capacity; Dan Cary; Earl Schouweiler; Bruce Carlson; David Knutson; Todd Haggart; Kirk Cossette; Bruce Cossette; Renald Cossette; Julien Pronovost; Friedrich Harvesting; unknown combine operators and truck drivers; Horace Farmers Elevator Company; One unknown Custom Harvesting Company; and three unknown attorneys, Defendants and Appellees.

Civ. No. 940340.

Supreme Court of North Dakota.

Sept. 1, 1995.

Ronald Brakke, Horace, pro se.

Bruce H. Carlson of McNair, Larson & Carlson, Ltd., Fargo, for defendants and ap-

pellees Dakota Bank and Trust Co., Dan Cary, Earl Schouweiler, Bruce Carlson, Kirk Cossette, Bruce Cossette, Renald Cossette and Julien Pronovost.

William G. Peterson, Asst. Atty. Gen., Bismarck, for defendants and appellees State of North Dakota, Michael McGuire, Cynthia Rothe, Lawrence Leclerc, Georgia Dawson, Frank Racek, Carson Byram, Barbara Breiland, and Rich Schuchard.

Michael D. Nelson of Ohnstad Twichell, West Fargo, for defendants and appellees Michael Nelson and Horace Farmers Elevator Co.

Bruce D. Quick of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendants and appellees Cass County, Donald Rudnick, Mike Argall, Budd Warren, Dean Fercho, Gail Wischmann, Chris Denis, Glenn Ellingsberg, Robert Hoy, David Hagler, and two unknown sheriff's deputies.

H. Morrison Kershner of Pemberton, Sorlie, Sefkow, Rufer and Kershner, Fergus Falls, MN, for defendant and appellee Friedrich Harvesting. Submitted on brief.

David F. Knutson of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee David Knutson. Submitted on brief.

W. Todd Haggart of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee Todd Haggart. Submitted on brief.

SANDSTROM, Justice.

Ronald Brakke, Kara Brakke, Timothy Brakke, Ronald Daren Brakke, and Western Life Trust (hereafter the Brakkes) appeal from a district court summary judgment dismissing their claims against all defendants and from an order denying a new trial. We dismiss the attempted appeal of Western Life Trust, modify the judgment, affirm the judgment as modified, and affirm the order denying a new trial.

I

This appeal represents another chapter in the long, litigious Brakke saga. We will not set out the facts at length, because the factual background is detailed in prior opinions. *See Farm Credit Bank of St. Paul v. Brakke,* 512 N.W.2d 718 (N.D.1994); *Farm Credit Bank of St. Paul v. Brakke,* 483 N.W.2d 167 (N.D.1992); *State v. Brakke,* 474 N.W.2d 878 (N.D.1991); *Dakota Bank and Trust Co. v. Federal Land Bank of St. Paul,* 453 N.W.2d 610 (N.D.), *cert. denied,* 498 U.S. 869, 111 S.Ct. 188, 112 L.Ed.2d 151 (1990); *Dakota Bank and Trust Co. v. Federal Land Bank of St. Paul,* 437 N.W.2d 841 (N.D.1989).

In July 1989, Dakota Bank and Trust Company acquired, through execution, levy, and partition, land which previously belonged to the Brakke family. Although ownership of the land was in dispute, Ronald Brakke had planted a crop in 1989. Ronald Brakke was arrested when he attempted to harvest the crop.

A bank official signed a complaint against Ronald Brakke alleging theft and attempted theft of the crop. Ronald Brakke was convicted by a jury. This Court overturned his conviction on appeal, concluding there was a legitimate dispute as to ownership of the crop and a criminal proceeding was not the appropriate method to solve the ownership dispute. *See State v. Brakke,* 474 N.W.2d at 882.

In subsequent civil proceedings this Court concluded the 1989 crop had passed to Dakota Bank with the land, and we remanded for a determination whether the Brakkes were entitled to compensation for costs of planting, fertilizing, and spraying the crop. *See Farm Credit Bank,* 483 N.W.2d at 174. We affirmed the trial court's denial on remand of those costs. *Farm Credit Bank,* 512 N.W.2d at 722.

The Brakkes then brought this action against numerous judges, prosecutors, law enforcement officials, probation officers, attorneys, bank employees, and others, alleging abuse of process, malicious prosecution, false imprisonment, illegal arrest, assault, wrongful loss of freedom, theft of grain, loss of possession and use of homestead, and loss of consortium. On various motions for summary judgment, dismissal for failure to state a claim, and dismissal for lack of personal jurisdiction, the trial court dismissed all claims against the defendants with prejudice

and assessed costs and attorneys fees against the Brakkes. The Brakkes' motion for a new trial was denied. The Brakkes appealed from the judgment and from the order denying a new trial.

## II

The district court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. § 27–05–06. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. §§ 28–27–01 and 28–27–02. The appeal was timely under Rule 4(a), N.D.R.App.P.

## III

■ Western Life Trust is a named plaintiff in this action, purportedly represented by Ronald Brakke on appeal. The defendants question whether the Trust is a proper party to the action.

■ A trust generally is not a separate legal entity, and cannot sue or be sued in its own name. *See Coverdell v. Mid–South Farm Equipment Ass'n,* 335 F.2d 9, 12–13 (6th Cir.1964); *Colorado Springs Cablevision, Inc. v. Lively,* 579 F.Supp. 252, 254 (D.Colo.1984); *Limouze v. M.M. & P. Maritime Advancement, Training, Education and Safety Program,* 397 F.Supp. 784, 789–790 (D.Md.1975); *White v. Lundeberg Maryland Seamanship School, Inc.,* 57 F.R.D. 128, 130 (D.Md.1972); *Yonce v. Miners Memorial Hospital Ass'n,* 161 F.Supp. 178, 188 (W.D.Va.1958); *Powers v. Ashton,* 45 Cal. App.3d 783, 119 Cal.Rptr. 729, 732 (1975); *Morrison v. Lennett,* 415 Mass. 857, 616 N.E.2d 92, 94 (1993); *see also* Bogert, Trusts & Trustees § 712 (rev.2d ed.1982); IV Scott, Trusts § 280 (1989). The trustee, as the holder of legal title to the trust res, is generally the real party in interest. *See* Rule 17(a), N.D.R.Civ.P.; *Coverdell,* 335 F.2d at 13; *Colorado Springs Cablevision,* 579 F.Supp. at 254; *Limouze,* 397 F.Supp. at 789–790; *White,* 57 F.R.D. at 130; *Powers,* 119 Cal.Rptr. at 732; IV Scott, Trusts at § 280.

Because the Trust is not a proper party and lacks capacity to sue, the Trust's attempted appeal must be dismissed.

## IV

■ The district court concluded the Brakkes had failed to properly serve the summons and complaint upon the State, the Honorable Michael McGuire, the Honorable Cynthia Rothe, the Honorable Lawrence Leclerc, the Honorable Georgia Dawson, the Honorable Frank Racek, Carson Byram, Barbara Breiland, Rick Schuchard, and Todd Haggart. These defendants asserted the defense of insufficient service of process and the district court ordered dismissal of all claims against them on that basis. However, the court went further, considering and dismissing with prejudice the Brakkes' claims against these defendants on the merits.

■ Once a trial court determines it lacks personal jurisdiction over a defendant because of insufficient service of process, it is without authority to rule on the defendant's alternative motion for dismissal on the merits. *Smith v. City of Grand Forks,* 478 N.W.2d 370, 373 (N.D.1991). Without personal jurisdiction, the court is powerless to do anything beyond dismissing without prejudice. *See Smith,* 478 N.W.2d at 372–373; *see also Bickel v. Jackson,* 530 N.W.2d 318, 320–321 (N.D.1995); *Moon v. Moon,* 499 N.W.2d 597, 601 (N.D.1993).

■ These defendants, other than Haggart, attempted on appeal to waive the insufficient service of process defense and make a general appearance in the case. This attempt comes too late. The critical question is whether the district court, at the time it ruled, had jurisdiction over these defendants. It did not.

We conclude the district court erred in reaching the merits of the claims against these defendants and in dismissing the claims against them with prejudice. Accordingly, we modify the judgment to dismiss without prejudice for lack of personal jurisdiction the claims against the State, McGuire, Rothe, Leclerc, Dawson, Racek, Byram, Breiland, Schuchard, and Haggart.

## V

■ The Brakkes assert the district court did not have jurisdiction at the time it held

the hearing on the motions for dismissal and summary judgment on July 22, 1993.

On July 14, 1993, the Brakkes moved for a continuance of the scheduled July 22 hearing. The court denied the motion by order dated July 16, 1993. The Brakkes filed a notice of appeal from that order on July 19, 1993. On July 21, 1993, this Court dismissed the appeal because the order was nonappealable and, treating the improper notice of appeal as an application for a supervisory writ, denied relief. The scheduled hearing in the district court took place the next day, July 22.

The Brakkes assert the filing of their notice of appeal transferred jurisdiction to this Court and, upon our ruling on July 21, 1993, jurisdiction did not revert back to the district court for three days under Rule 6(e), N.D.R.Civ.P., and Rule 26(c), N.D.R.App.P. They are wrong for two reasons.

█ When a party is required to do some act within a prescribed period after service, Rule 6(e), N.D.R.Civ.P., and Rule 26(c), N.D.R.App.P., permit an additional three days when the document has been served by mail. These rules do not affect transfer of jurisdiction between trial courts and appellate courts. Rule 82, N.D.R.Civ.P., specifically provides: "These rules shall not be construed to extend or limit the jurisdiction of the district court...." Similarly, Rule 1(b), N.D.R.App.P., provides: "These rules shall not be construed to extend or limit the jurisdiction of the supreme court as established by law." The three-day extensions provided in Rule 6(e), N.D.R.Civ.P., and Rule 26(c), N.D.R.App.P., do not apply to retain jurisdiction in the appellate court; rather, jurisdiction is transferred immediately back to the trial court.

█ Furthermore, it is questionable whether the filing of a notice of appeal from an order denying a continuance transfers jurisdiction at all. Where a notice of appeal is filed which is patently frivolous on its face, the trial court does not lose jurisdiction to proceed in the matter. *Selland v. Selland*, 519 N.W.2d 21, 22 (N.D.1994); *United Accounts, Inc. v. Teladvantage, Inc.*, 499 N.W.2d 115, 119 (N.D.1993). An order denying a motion for a continuance is clearly interlocutory and nonappealable. *E.g.*, *Budge v. Anderson*, 146 N.W.2d 169, 171 (N.D.1966).

We conclude the district court had jurisdiction to conduct the July 22, 1993 hearing.

## VI

The remaining issues raised by the Brakkes have been reviewed and are meritless.

We dismiss the attempted appeal of Western Life Trust. We modify the judgment to dismiss without prejudice the claims against the State, McGuire, Rothe, Leclerc, Dawson, Racek, Byram, Breiland, Schuchard, and Haggart. As modified, the judgment is affirmed. The order denying a new trial is affirmed.

VANDE WALLE, C.J., NEUMANN, J., RALPH J. ERICKSTAD, Surrogate Judge, and LAWRENCE E. JAHNKE, District Judge, concur.

RALPH J. ERICKSTAD, Surrogate Judge, and LAWRENCE E. JAHNKE, District Judge, sitting in place of LEVINE and MESCHKE, JJ., disqualified.