IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned March 25, 2015

## JAMES R. COTHAM v. JUDY P. COTHAM

**Interlocutory Appeal from the Chancery Court for Decatur County**
**No. 4007     Carma Dennis McGee, Chancellor**

---

**No. W2015-00521-COA-T10B-CV – Filed March 30, 2015**

---

This is a Rule 10B appeal of the denial of a petition for recusal. Appellant supported the Chancellor's opponent in the August 2014 election and contends that her support of the opponent provides cause for the Chancellor's recusal. The trial court denied Appellant's motion to recuse, and Appellant filed this accelerated interlocutory appeal pursuant to Rule 10B of the Rules of the Tennessee Supreme Court. We affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Douglas Thompson Bates, Centerville, Tennessee, for the appellant, Judy P. Cotham.

Stephen M. Milam, Lexington, Tennessee, for the appellee, James R. Cotham.

## OPINION

### Background

James R. Cotham, Plaintiff/Appellee, sued Judy P. Cotham, Defendant/Appellant, for divorce in Decatur County Chancery Court. Appellant's filings in this Court do not indicate when the lawsuit was filed. On February 23, 2015, Appellant filed a "Motion for This Court to Recuse Itself." In that motion, Appellant alleged that she "campaigned heavily" for the Decatur County Chancellor's (hereinafter "Chancellor") opponent in the recent election, presumably referring to the August 2014 election in the Twenty-Fourth Judicial District. In support of her motion, Appellant submitted an affidavit asserting that, during the contested election, Appellant "was involved in supporting" the Chancellor's opponent. Appellant stated that she "publically met with" the Chancellor's

opponent at fundraisers and "toured him around [Decatur] County to introduce him to potential voters." Appellant further stated that her support for the Chancellor's opponent was widely known, very public, and that she was very vocal in her support for the opponent.

## Appeals under Rule 10B

Rule 10B of the Tennessee Supreme Court Rules authorizes an aggrieved party to file "an accelerated interlocutory appeal as of right" from an order denying a motion to recuse or to disqualify the trial court judge.[1] Tenn. Sup. Ct. R. 10B, § 2.01. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court. *Id.* at § 2.02. Under Rule 10B, the appellant must file, along with the petition, "copies of any order or opinion and any other parts of the record necessary for determination of the appeal." *Id.* at § 2.03. The appellate court may order the other parties to answer the appellant's petition and file any necessary documents, but it is also authorized to adjudicate the appeal summarily, without an answer from other parties. *Id.* at § 2.05. Having reviewed Appellant's petition and supporting documents, we have determined that an answer and additional briefing are unnecessary, and we have elected to act summarily on the appeal in accordance with Tenn. Sup. Ct. R. 10B, § 2.05. Oral argument is likewise unnecessary.

## Analysis

The only issue before the Court in this appeal is whether the trial judge erred in denying Appellant's motion to recuse. *See McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014) (*no perm. app. filed*). In accordance with Rule 10B, we review the trial court's recusal decision "upon a *de novo* standard of review." Tenn. Sup. Ct. R. 10B, § 2.06. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *McKenzie*, 2014 WL

---

[1]Section 2.01 provides:

> If the trial court judge enters an order denying a motion for the judge's disqualification or recusal, or for determination of constitutional or statutory incompetence, an accelerated interlocutory appeal as of right lies from the order. The failure to pursue an accelerated interlocutory appeal, however, does not constitute a waiver of the right to raise any issue concerning the trial court's ruling on the motion in an appeal as of right at the conclusion of the case. The accelerated interlocutory appeal or an appeal as of right at the conclusion of the case shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion filed pursuant to this Rule.

Tenn. Sup. Ct. R. 10B, § 2.01

575908, at *3.

Appellant argued that the trial judge was required to recuse herself under Tennessee Supreme Court Rule 10, Canon 2, Rule 2.11. That Rule provides, in pertinent part:

> A. A Judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> . . . .
>
> (4) The judge knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has made contributions or given such support to the judge's campaign that the judge's impartiality might reasonably be questioned.

Tenn. Sup. Ct. R. 10, Canon 2, Rule 2.11. Comment 7 to the rule goes on to state:

> The fact that a lawyer in a proceeding, or a litigant, contributed to the judge's campaign, or supported the judge in his or her election does not of itself disqualify the judge. Absent other facts, campaign contributions within the limits of the "Campaign Contributions Limits Act of 1995," Tennessee Code Annotated Title 2, Chapter 10, Part 3, or similar law should not result in disqualification. However, campaign contributions or support a judicial candidate receives may give rise to disqualification if the judge's impartiality might reasonably be questioned. In determining whether a judge's impartiality might reasonably be questioned for this reason, a judge should consider the following factors among others:
>
> (1) The level of support or contributions given, directly or indirectly, by a litigant in relation both to aggregate support (direct and indirect) for the individual judge's campaign and to the total amount spent by all candidates for that judgeship;
>
> (2) If the support is monetary, whether any distinction between direct contributions or independent expenditures bears on the disqualification question;
>
> (3) The timing of the support or contributions in relation to the case for which disqualification is sought; and
>
> (4) If the support or contributor is not a litigant, the relationship, if any, between the supporter or contributor and (i) any of the litigants, (ii) the issue before the court, (iii) the judicial candidate or opponent, and (iv) the total support received by the judicial candidate or opponent and the total support received by all candidates for that judgeship.

Tenn. Sup. Ct. R. 10, Canon 2, Rule 2.11, cmt. 7.

In this case, Appellant is not arguing that she was a supporter of or contributor to the Chancellor's campaign. Rather, she is arguing the opposite. Appellant asserts that she contributed to and supported the Chancellor's opponent and that her support of the unsuccessful candidate warrants recusal. The Chancellor, in denying Appellant's motion to recuse, noted that the Chancellor "had no knowledge of the identity of Mrs. Cotham prior to her appearance in Court on January 6, 2015, and does not recall ever having seen or heard of her before that time." The order goes on to note, "[t]he election encompassed a five-county district, of which Decatur County was the smallest in the number of registered voters. The election was highly contested, with wide-spread support for both candidates through the district." The order also points out that the election occurred on August 7, 2014, which was seven months prior to the hearing on Appellant's motion to recuse.

Even if a judge subjectively believes he or she can be fair and impartial, the judge must still recuse himself or herself upon request whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (quoting *Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009)). However, "a judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-2368-COA-R3-CV, 2008 WL 2078056, *2 (Tenn. Ct. App. May 14, 2008).

"The question of recusal on the basis of bias involves two inquiries. The first is whether the judge has actual bias; the second is whether his or her impartiality might reasonably be questioned, *i.e.*, whether there may be an appearance of bias even though no actual bias exists." *In re Bridgestone Corp.*, No. M2013-00637-COA-10B-CV, 2013 WL 1804084, at *2 (Tenn. Ct. App. 2013), *perm. app. denied* (Tenn. June 11, 2013). "A trial judge should grant a recusal motion when 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *State v. Hester*, 324 S.W.3d 1, 73 (Tenn. 2010) (quoting *Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009)). Recusal, however, is not required in response to "spurious or vague charges of partiality." *Farm Credit Bank of St. Paul v. Brakke*, 512 N.W.2d 718, 721 (N.D. 1994).

Appellant's affidavit does not assert that the Chancellor has any actual bias. Rather, the crux of Appellant's motion to recuse is that there is an appearance of bias on the part of the Chancellor. Appellant's affidavit in support of her motion to recuse only asserts that she supported the Chancellor's opponent, that she publically met with him at fundraisers, toured him around Decatur County to meet potential voters, displayed and placed signs in support of the opponent, and was vocal in her support for the opponent.

Appellant's affidavit asserts no facts whatsoever to indicate that the Chancellor's impartiality "might reasonably be questioned" because of Appellant's support of the Chancellor's opponent. She provides no basis upon which we could determine that her support of the Chancellor's opponent was significant or disproportionate to other participants in the election. Appellant's argument takes a leap that is not supported by Rule 10. Appellant's support of the Chancellor's opponent in the smallest county of a five-county judicial election, without more, would not cause a person of ordinary prudence to jump to the conclusion that the Chancellor would be biased against her and therefore does not require recusal.

## Conclusion

The decision of the trial court is affirmed, and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are to be taxed to Appellant Judy P. Cotham and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

5