In re Richard and Shirley
SCHAEFER, Debtors.

In re SCHAEFER WELL SERVICE,
INC., Debtor.

Bankruptcy Nos. 87–00182–
V–7, 87–00183–V–7.

United States Bankruptcy Court,
S.D. Texas,
Victoria Division.

May 25, 1993.

Richard Schaefer, pro se.

## MEMORANDUM OPINION ON MOTION TO RECUSE & DISQUALIFY JUDGE SCHMIDT

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration the Motion to Recuse & Disqualify Judge Schmidt, filed by the Debtor, Richard Schaefer ("Schaefer"). The Court, having reviewed the pleadings on file herein, and the relevant law, finds that no hearing is necessary and the Motion should be denied. In support of its ruling, the Court finds as follows:

### BACKGROUND

Schaefer is a pro se Chapter 7 Debtor. His case originated on October 28, 1987, as a Chapter 11 but, due to Schaefer's own actions, a Chapter 11 Trustee was appointed by Order entered March 17, 1988 (docket entry no. 83). The Case was ultimately converted to Chapter 7 by Order entered December 19, 1990 (docket entry no. 678). For the past five years, Schaefer has filed every frivolous pleading imaginable to thwart the orderly liquidation of his estate. His actions include filing Adversary Proceedings in Bankruptcy Court and Complaints in U.S. District Court naming this Court as a defendant. Such proceedings and suits are merely attempts to re-litigate issues already decided by this Court, whose outcome Schaefer did not like, but which were not appealed. Schaefer has also used the existence of pending Adversary Proceedings and District Court suits as

grounds for his numerous Motion to Recuse.

Schaefer has requested Judge Schmidt's recusal on five prior occasions by the following pleadings, only one of which was accompanied by an affidavit:

1. "Motion to Disqualify Judge Schmidt and Supplement # 2 to the Motion to Withdraw Reference", filed September 6, 1990, docket entry no. 627 (denied by Order of Judge R.F. Wheless entered October 30, 1990, docket entry no. 652).

2. "Motion to Set Aside Sale of Lincoln County Property & Remove Trustee Jeffrey Shadwick & Disqualify Judge Schmidt", filed September 24, 1991, docket entry no. 978 (denied by Memorandum Opinion and Order entered February 12, 1992, docket entry no. 1063).

3. "Demand for Disqualification of Judge Schmidt", filed February 5, 1992, docket entry no. 1051 (denied by Memorandum Opinion and Order entered February 12, 1992, docket entry no. 1063).

4. "Motion to Show Cause", filed March 27, 1992, docket entry no. 1094 (denied by Memorandum Opinion and Order entered April 14, 1992, docket entry no. 1098).

5. "Motion Demanding Judge Schmidt Recuse Himself", filed July 2, 1992, docket entry no. 1115, and accompanied by an affidavit, docket entry no. 1116 (denied by Order entered August 3, 1992, docket entry no. 1121).

The Court's April 15, 1992, Order instructed Schaefer not to file further Motions to Recuse re-alleging the same grounds in an attempt to re-litigate issues already ruled upon. Despite the clear language of that Order, Schaefer filed two more Motions to Recuse and numerous other pleadings rehashing his same complaints.

Schaefer also violated U.S. District Judge Lynn N. Hughes' order entered May 8, 1992, in Civil Action No. V–91–57. In the Final Judgment entered May 8, 1992, in the same case, Judge Hughes found as follows:

10. Injunction:

Because Richard E. Schaefer has persisted in joining people as defendants when he has neither standing to bring the claim nor a factual basis to support the claim at law, he requires restraint for the protection of the people involved in the processes and the processes of the court proceedings. Although his egregious impositions stem from error rather than malice, the costs are intolerable.

In his Order entered May 8, 1992, Judge Hughes ordered as follows:

12. Schaefer must obtain leave of this Court before he may sue a public official, state, federal, or municipal, or anyone connected with the defendants in this action or the bankruptcy proceedings.

Schaefer filed another lawsuit in U.S. District Court on April 5, 1993, naming Michael N. Milby, Clerk of the Court, Jeffrey A. Shadwick, Chapter 7 Trustee, Robert G. Dunn, and this Court as defendants, without permission, in violation of Judge Hughes' Order. While Schaefer's prior actions may have stemmed from error rather than malice, this violation of Judge Hughes' Order is clearly not an error but is malicious and vexatious. Schaefer now seeks to use the fact that he has filed another suit naming this Court as defendant as grounds for his sixth Motion to Recuse in his main bankruptcy case.

### THE MOTION TO RECUSE NOW BEFORE THE COURT (THE "SIXTH MOTION")

■ The Sixth Motion is procedurally defective in that it does not contain Bankruptcy Local Rule 9013 notice language. The Sixth Motion alleges that "[a]n affidavit of bias and prejudice has been filed against Judge Schmidt by Richard Schaefer", but a review of the file shows that no affidavit was included. Accordingly, no claim for recusal under 28 U.S.C. § 144 regarding actual bias has been made here. *In the Matter of Billedeaux*, 972 F.2d 104, 105 (5th Cir.1992). Schaefer seems to refer to an affidavit previously filed. The Court can only assume that Schaefer is referring to his affidavit filed July 2, 1992. The Court previously denied the "Motion De-

manding Judge Schmidt Recuse Himself" filed July 2, 1992, which was accompanied by an affidavit. In its Order Denying Motion Demanding Judge Schmidt Recuse Himself, entered August 3, 1993, the Court found that the affidavit stated no grounds, legal or factual, for recusal. Schaefer did not appeal that Order and it is now final and the law of this case. Schaefer cannot rely on his previous affidavit to support the present Motion. Moreover, 28 U.S.C. § 144 permits the filing of only one affidavit of prejudice in any case and this Court could properly refuse to recuse itself based on a second affidavit, if one had been filed. *U.S. v. Anderson,* 433 F.2d 856, 859 (8th Cir.1970).

■ The Sixth Motion alleges that the "rules allow [this Court] to proceed no further in a case after such affidavit is filed." Even if applicable here, which the Court finds it is not, cases interpreting 28 U.S.C. § 144 are clear that merely filing an affidavit of disqualification does not automatically disqualify a judge. A judge has the authority to decide whether a claim of bias is legally sufficient. *Undersea Engineering & Const. Co., Inc. v. Int'l Telephone & Telegraph Corp.,* 429 F.2d 543, 545 (9th Cir.1970), and cases cited therein; *U.S. v. Townsend,* 478 F.2d 1072, 1073 (3rd Cir. 1973); *Raitport v. Bradley,* 446 F.Supp. 129, 130 (E.D.Pa.1978). Here, not only was no affidavit filed, a second affidavit is not allowed. Accordingly, nothing in the statutes, rules, or cases interpreting them require this Court to "proceed no further."

■ The Sixth Motion cites "sec. 455 of the FRCP" as grounds for relief. The Sixth Motion could be interpreted as one seeking relief under the general provisions of 28 U.S.C. § 455(a), which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Fifth Circuit notes that the "proper test ... is whether 'a reasonable person, knowing all the circumstances,' would believe it improper for the judge to sit in the case in question." *In the Matter of Billedeaux,* 972 F.2d 104, 106 (5th Cir.1992) (citation omitted). The only grounds alleged by Schaefer is that

Judge Schmidt is a defendant in several lawsuits filed by Schaefer. This Court has previously ruled that the fact that Schaefer has sued the Court in other Adversary Proceedings or in District Court is not grounds for recusal. (*see,* "Memorandum Opinion and Order Denying Motion to Set Aside Sale of Lincoln County Property & Remove Trustee Jeffrey Shadwick & Remove Judge Schmidt", "Memorandum Opinion on Motion to Show Cause", "Order Denying Motion Demanding Judge Schmidt Recuse Himself"). The Court so rules again. Moreover, the unusual circumstances and history of this case would not cause a reasonable person to believe it improper for this Court to continue in Schaefer's main bankruptcy case. This Court has dealt with the case for six years and has a thorough knowledge of all proceedings which have occurred. An incredible waste of judicial effort would occur if Schaefer was allowed to subvert the system by recusing this Court.

■ Schaefer's only new allegation in the Sixth Motion is the fact that he has again sued Judge Schmidt, this time in U.S. District Court. Section 455(b) of Title 28 sets forth specific instances when recusal is appropriate. 28 U.S.C. § 455(b)(5)(i) requires a judge to recuse himself if he is a party to "the proceeding". Here, the Court is not a party to Schaefer's main bankruptcy case. As previously explained by this Court in its prior orders on recusal, a Debtor's main bankruptcy case and Adversary Proceedings or suits filed in District Court are not the same proceeding. Moreover, "it is clear that a judge is not disqualified under 28 U.S.C. § 455 (or 28 U.S.C. § 144 for that matter) merely because a litigant sues or threatens to sue him." *In re Martin–Trigona,* 573 F.Supp. 1237, 1243 (D.C.Conn.1983). Case law is also clear that a litigant cannot use motions to disqualify as a vehicle for judge shopping. *United States v. Eisenberg,* 734 F.Supp. 1137 (D.N.J.1990); *United States v. Studley,* 783 F.2d 934, 939–940 (9th Cir. 1986); *United States v. Olander,* 584 F.2d 876, 888 (9th Cir.1978); *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir.

1977), cert. denied 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806; *United States v. Wolfson*, 558 F.2d 59, 64 (2nd Cir.1977).

## BANKRUPTCY RULE 9011, SANCTIONS, AND THE PRO SE LITIGANT

■ Pro se litigants are bound by the Bankruptcy Code, the Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure, just as any other party represented by counsel. Pro se litigants tend, however, to receive greater latitude in enforcement than parties represented by attorneys. A review of the record in this case, including transcripts, pleadings, orders, and the docket, demonstrates that Schaefer has undoubtedly received more latitude than he is entitled to. He consistently ignores the Bankruptcy Code, the Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, the Orders of this Court, and even an Order of the U.S. District Court.

■ Rule 9011, Rules of Bankruptcy Procedure ("Rule 9011"), which addresses the significance of signing pleadings, provides as follows:

> (a) ... A party who is not represented by an attorney shall sign all papers ... The signature of ... a party constitutes a certificate that the ... party has read the document; that to the best of the ... party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation or administration of the case. * * * If a document is signed in violation of this rule, the Court on motion or on its own initiative, shall impose on the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorneys fee.

—Rule 9011(a), Rules of Bankruptcy Procedure ("Rule 9011(a)"). Rule 9011(a) clearly applies to pro se litigants and debtors and subjects them to the same standards as an attorney. *Business Guides v. Chromatic Communications Ent.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991); (interpreting Rule 11, Federal Rules of Civil Procedure, which is substantially similar to Rule 9011); *In re Cauthen*, 152 B.R. 149, 154 (Bankr.S.D.Tex.1993). The Court finds that Schaefer violated Rule 9011(a) when he signed the Sixth Motion.

■ The Court finds that the Sixth Motion is not warranted by existing law. Schaefer's five previous motions seeking recusal have all been denied and the law has been plainly set forth in the Memorandum Opinions and Orders. Not only were those rulings based solidly on existing law, they are final orders in this case and are now the law of this case. Moreover, the Sixth Motion is based on Schaefer's most recent complaint filed in U.S. District Court in violation of Judge Hughes' Order.

The Court further finds that the Sixth Motion was interposed for improper purpose. Schaefer's pleadings demonstrate a pattern of efforts to harass and intimidate this Court merely because Schaefer is unhappy with certain rulings. Schaefer has never appealed those rulings. Although his efforts were ineffective and unsuccessful, they are nevertheless sanctionable. Schaefer has also made every attempt to unnecessarily delay the administration of his case by his repeated attempts to disqualify this Court without grounds.

■ The Sanctions provided in Rule 9011(a) are mandatory. Once a court finds a violation of the rule, it shall impose an appropriate sanction. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 876 (5th Cir.1988). In *Thomas*, the Fifth Circuit held:

> There are no longer any "free passes" for attorneys and litigants who violate Rule 11. Once a violation of Rule 11 is

**232**

established, the rule mandates the application of sanction.

—*Thomas, supra.* at p. 876.

Having found several violations of Rule 9011, this Court must determine an appropriate sanction. Sanctions are meant to deter violations of Rule 9011 and "should also be educations and rehabilitative in character and, as such, tailored to the particular wrong." *Thomas, supra.* at p. 877. The policy of the Fifth Circuit is that "the least severe sanction adequate to the purpose of Rule 11" should be imposed. *Thomas, supra,* at p. 878.

In this case, the Court finds that the egregious behavior of Schaefer warrants monetary sanctions of $2,000.00, payable to the United States Treasury, in compensation for the time and expenses wasted in addressing his frivolous Sixth Motion.

### CONCLUSION

As discussed by this Court numerous times, Schaefer's Motion to Recuse and his lawsuits naming this Court are merely attempts to re-litigate matters which he chose not to appeal. No grounds, either legal or factual exist for the recusal of this Court. Accordingly, the Court finds that Schaefer's Motion to Recuse and Disqualify Judge Schmidt should be denied. The Court further finds that Schaefer violated Rule 9011 by signing the Sixth Motion. The Court further finds that an appropriate sanction in this case for Schaefer's violation of Rule 9011 is the sum of $2,000.00, payable to the United States Treasury. A separate Order will be entered herewith.