**UNITED STATES of America**

v.

**Paul NAGY, Defendant.**

**No. 96 cr. 601.**

United States District Court,
S.D. New York.

Sept. 3, 1998.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City by Patrick Smith, Asst. U.S. Atty., for U.S.

Lawrence Schoenbach, New York City, for Defendant.

### *ORDER*

SWEET, D.J.

Defendant Paul Nagy ("Nagy") has moved to have this Court recuse itself on the

grounds that I will be called to testify as a witness in an action Nagy has filed against me. For the reasons set forth below, Nagy's motion to recuse, construed as having been filed pursuant to 28 U.S.C. § 455, is denied.

Nagy has commenced an action brought in this district, alleging, *inter alia*, that he has been wrongly found to be incompetent to stand trial and committed to a suitable facility for treatment against his will. The defendants include myself, Patrick J. Smith, the Assistant United States Attorney, Stuart B. Kleinman, M.D., the psychiatrist who examined Nagy and testified to his incompetence, and Lawrence H. Schoenbach, Nagy's fourth attorney. Indeed, this is not the first suit Nagy has commenced against individuals involved in the instant action. Nagy has filed actions against The Honorable Robert P. Patterson and The Honorable Lewis A. Kaplan, as well as two other psychiatrists who Nagy claimed lied about his mental state, and his previous attorney, John Jacobs, Esq.

Judge Patterson was the first judge to encounter Nagy in the instant cause of action and, sitting in Part I, he found him incompetent to stand trial. Nagy sued him because he suspected that Judge Patterson was using psychiatric evaluation as a "tool" against him and was thus biased. Nagy's case was assigned to Judge Kaplan who held another competency hearing during which Nagy protested that he wished to be examined by a private doctor of his choosing. Accordingly, Judge Kaplan directed an examination by a qualified psychiatrist of Nagy's choice and adjourned the hearing pending the psychiatrist's report. Rather than submitting to the examination, Nagy moved to disqualify Judge Kaplan based on his disagreement with Judge Kaplan's refusal to proceed to trial, despite the open issue as to competency, to transfer the case to the Eastern District, to appoint new counsel, or to permit Nagy to proceed *pro se*. Aware of the complaint in which he, as well as Judge Patterson, were

named defendants, Judge Kaplan recused himself from the action.

Upon receiving this case on January 22, 1998, a competency hearing was held, and by opinion dated June 26, 1998, this Court found Nagy incompetent to stand trial and ordered that he be committed to the custody of the Attorney General for a period of four months pursuant to 18 U.S.C. § 4241. *See United States of America v. Nagy*, 96 Cr. 601, 1998 WL 341940 (S.D.N.Y. June 26, 1998). Given Nagy's pattern of filing suits against the judge upon an adverse ruling against him, it is not surprising that I am to join the Judge Patterson and Judge Kaplan as named defendants in actions commenced by Nagy.

■ However, adverse rulings against the defendant do not render a judge biased such that recusal is proper. *See In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir.1993). Furthermore, several courts have rejected the proposition that a suit against the presiding judge, and his status as material witness in that case,[1] is sufficient to require disqualification under § 455. *See id.; Ronwin v. State Bar of Arizona*, 686 F.2d 692, 700–01 (9th Cir.1981); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977); *In re Schaefer Well Serv., Inc.*, 154 B.R. 227, 230 (Bankr.S.D.Tex.1993); *United States v. Blohm*, 579 F.Supp. 495, 505 (S.D.N.Y.1983); *Martin–Trigona v. Lavien*, 573 F.Supp. 1237, 1243 (D.Conn.1983). As the court stated in *Ronwin*, a judge "is not disqualified merely because a litigant sues of threatens to sue him. Such an easy method for obtaining disqualification should not be encouraged or allowed." 686 F.2d at 701 (citation omitted).

■ This rule is controlling here. Regardless of the outcome of the case against me, I will not permit Nagy to use motions to disqualify as a vehicle for judge shopping. *See Schaefer*, 154 B.R. at 230 ("Case law is clear that a litigant cannot use motions to disqualify as a vehicle for judge shopping.");

1. In relating his reason for disqualification, Nagy points to the fact that he intends, in good faith, to call me as a material witness in the case in which I have been named defendant. Section 455(b)(5)(iv) requires disqualification of a judge if he knows that he is "likely to be a material witness in the proceeding." Nagy may have confused this requirement that the judge be called as witness in the proceeding against the defendant which warrants recusal with the situation at bar where I, apparently, will be called as witness in the case against me, which does not warrant recusal.

*see also United States v. Wolfson,* 558 F.2d 59, 64 (2d Cir.1977); *United States v. Eisenberg,* 734 F.Supp. 1137 (D.N.J.1990). Nagy's motion is therefore denied.

It is so ordered.