### In re Clarence G. WEAVER, Jr., Jennifer Lynne Weaver.

### No. 01–01432JEE.

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

March 19, 2002.

James R. Clark, Jackson, MS, for James R. Mozingo and Gary W. Mitchell.

John D. Moore, Jackson, MS, for Debtors.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTIONS FOR DISMISSAL OF CASE AND MOTIONS FOR IMPOSITION OF SANCTIONS*

EDWARD ELLINGTON, Chief Judge.

**THIS MATTER** came on for trial on the *Motions for Dismissal of Case* filed by

each of the Movants, James R. Mozingo and Gary W. Mitchell, the *Motions for Imposition of Sanctions* filed by each of the Movants, and the Debtor's *Responses* thereto. The Court having considered the testimony and evidence presented at trial, along with the post-trial briefs submitted by the parties, as well as the record in this case, concludes for the reasons that follow that the *Motions for Dismissal of Case* are well taken and should be granted and that the *Motions for Imposition of Sanctions* are well taken in part and should be granted in regard to the Debtors' attorney, but are not well taken in part and should be denied as to the Debtors.

## FINDINGS OF FACT

The Debtors in this case have filed five previous bankruptcy cases.[1] On May 15, 2000, in Chapter 13 case number 00–00643, the Debtors, through the attorney representing them in that proceeding, entered into two separate *Agreed Orders*. Both of the *Agreed Orders* provided that in the event Chapter 13 case number 00–00643 was dismissed, the Debtors would be barred from filing another bankruptcy petition under any chapter of the Bankruptcy Code for a period of at least one year following the date of dismissal. Chapter 13 case number 00–00643 was subsequently dismissed on October 6, 2000, on the *Trustee's Motion to Dismiss* the plan as infeasible. Pursuant to the terms of the *Agreed Orders*, the Debtors were thereby precluded from filing another bankruptcy case until October 6, 2001. Despite the bar to refiling contained within the agreements signed by their prior attorney, the Debtors, through John D. Moore, their present attorney, filed their latest Voluntary Petition for relief pursuant to Chapter 7 of the Bankruptcy Code on March 15, 2001.[2]

When a bankruptcy case is filed, Federal Rule of Bankruptcy Procedure 9009 requires the use of the Official Bankruptcy Forms, including the Voluntary Petition, Official Form No. 1. The Voluntary Petition mandates disclosure of all prior bank-

---

**1.** On May 5, 1992, the Debtors filed a joint Chapter 13, case number 92–01676. Their Chapter 13 plan was confirmed on September 1, 1992, but was subsequently dismissed on June 8, 1995, on the *Trustee's Motion to Dismiss* for the Debtors' failure to remit plan payments. The case was closed on September 8, 1995.

On December 19, 1995, the Debtors filed a joint Chapter 7, case number 95–04293, which was subsequently converted to a Chapter 13 case. The Chapter 13 case was voluntarily dismissed by the Debtors on September 6, 1996.

The Debtors filed a third Chapter 13, case number 98–00290, on January 16, 1998. The Trustee filed an *Objection to Confirmation*, which was sustained, and the case was subsequently dismissed on June 18, 1998, on the *Trustee's Motion to Dismiss*.

Mrs. Weaver filed an individual Chapter 7, case number 99–00123, on January 11, 1999. She received an individual *Discharge of Debts* on May 14, 1999.

The Debtors filed another joint Chapter 13, case number 00–00643, on February 10, 2000. The Chapter 13 plan was confirmed on May 26, 2000, but the case was ultimately dismissed on October 6, 2000, on the *Trustee's Motion to Dismiss* the plan as infeasible. At the time of the trial of the present case, a *Motion to Reopen* case number 00–00643 was pending, but has since been withdrawn.

Finally, the Debtors filed the present joint Chapter 7, case number 01–01432, on March 15, 2001. Mrs. Weaver, however, was dismissed as a party to this Chapter 7 filing because she had been granted a discharge in her individual Chapter 7 case, which was commenced within six years before the date of the filing of this petition. She is therefore ineligible to receive a *Discharge of Debts* in the present Chapter 7 case. *See* 11 U.S.C. § 727(a)(8).

**2.** Hereinafter, all code sections refer to the United States Bankruptcy Code located at Title 11 of the United States Code, unless otherwise noted.

ruptcy cases filed by a debtor within the last six years, including the locations of the filings, the case numbers, and the dates filed. Consequently, in the present case filed on March 15, 2001, the Debtors and Mr. Moore were required to disclose all previous bankruptcy cases filed by the Debtors since March 15, 1995.[3] Mr. Moore and the Debtors signed the Voluntary Petition for relief. However, they disclosed only two of the Debtors' prior bankruptcy cases rather than revealing all of the cases which the Debtors had filed within the past six years.

On May 2, 2001, each Movant filed a separate *Motion for Dismissal of Case* wherein they maintain that because the present Chapter 7 bankruptcy case was filed in violation of the *Agreed Orders* entered in Chapter 13 case number 00–00643, the present case should be dismissed. Movants further request that the Debtors be barred from refiling another bankruptcy petition for a period of one year from the date of dismissal of the present Chapter 7 case. In addition, each Movant filed a separate *Motion for Imposition of Sanctions* contending that, pursuant to Federal Rule of Bankruptcy Procedure 9011, the Debtors and their present attorney should be sanctioned in order to reimburse Movants for attorney's fees incurred by them in bringing the *Motions to Dismiss* and the *Motions for Sanctions*. The Movants request $750 in attorney's fees for Mr. Mozingo and an additional $750 in attorney's fees for Mr. Mitchell.

In their *Response to the Motions to Dismiss*, the Debtors admit that the present case was filed in violation of the *Agreed Orders* entered in the prior bankruptcy proceeding. The Debtors allege, however, that they did not intentionally violate the agreements in that they did not sign them nor receive notice of their entry and were thus unaware of the bar to refiling. Mr. Moore contends that after conducting a reasonable investigation under the circumstances, he, too, was unaware of the bar to refiling.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction over the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O).

### II.

During the trial, the Debtors admitted that the present Chapter 7 case was filed in violation of the one year bar to refiling contained in the *Agreed Orders* entered on May 15, 2000. As the Debtors' prior case was dismissed on October 6, 2000, they were prohibited from filing another petition in bankruptcy until October 6, 2001. Therefore, the Court finds that the *Motions for Dismissal of Case* are well taken and should be granted.

▆ The Movants argue that the Debtors should be prohibited from filing another bankruptcy petition for a period of one year from the date of the dismissal of the present case because they filed the current bankruptcy in violation of the refiling bar established by the *Agreed Orders* entered in their prior bankruptcy case. A bankruptcy court may enter an order prohibiting a debtor from filing a bankruptcy case for some period of time in the future. 3 *Collier on Bankruptcy*, ¶ 349.02[3] (Matthew Bender, 15th Ed. Rev.2001). Consequently, bankruptcy courts have, on occasion, enjoined the filing of a successive petition for a period of time, usually six

---

3. The Debtors' first bankruptcy case, number 92–01676, was filed before March 15, 1995.

months, when it was clear that the debtor was attempting to thwart foreclosure proceedings when the stay had been lifted in the dismissed case or when the debtor was trying to circumvent the attempts of creditors to modify the automatic stay in the original case. *Id.*

As noted, the Debtors do not dispute that the present case was improperly filed, yet they maintain that they did not intentionally disregard the refiling bar contained in the *Agreed Orders.* Rather, the Debtors contend that because they did not sign the agreements nor receive notice of them, they were merely unaware of the prohibition against refiling. The Bankruptcy Court docket sheet for Chapter 13 case number 00–00643 indicates that the Debtors, their prior attorney, and the Chapter 13 trustee were each mailed copies of the *Agreed Orders* barring refiling which were entered in the prior case. Nevertheless, Mr. Weaver presented evidence that he moved shortly before entry of the *Agreed Orders* and testified that he did not receive copies of the *Agreed Orders* from either the Court or his attorney nor have any discussions about the entry of the *Agreed Orders* with his attorney. He also testified that he was unsure whether he had notified the Court of his change of address,[4] but was relatively sure that he had notified his attorney's office.

■ Whether the Debtors received actual notice of the entry of the *Agreed Orders,* they were bound by representation of their attorney. That is, a "party is deemed bound by the acts of his lawyer and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " *Cooper v. Lewis,* 644 F.2d 1077, 1082 (5th Cir.1981) (citing *Link v.*

*Wabash R.R.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). As the Debtors' attorney of record in Chapter 13 case number 00–00643 signed the *Agreed Orders* on their behalf, the Debtors are charged with constructive knowledge of the agreements.

■ Yet, even though the Debtors are charged with constructive knowledge of the bar to refiling, the Court concludes that the Debtors did not intentionally disregard the bar such that they should be prohibited from refiling for yet another year. The Court does not discern that the Debtors were attempting, by the filing of the present bankruptcy case, to thwart foreclosure proceedings, to circumvent the attempts of creditors to modify the automatic stay, or to engage in any other such egregious conduct. Thus, a one year bar to refiling from the date of dismissal of this case should not be imposed.

■ However, the Debtors were prohibited from filing a bankruptcy case for one year from the date of dismissal of their prior case, which occurred on October 6, 2000. Nonetheless, they filed the present case 205 days prior to the expiration of the refiling bar of October 6, 2001. The Court therefore finds that the expiration of the refiling bar should be tolled for a period of 205 days and that accordingly, the Debtors should be prohibited from filing a Voluntary Petition under any chapter of the Bankruptcy Code for 205 days following the *Final Judgment Granting Motions to Dismiss* becoming final.

III.

■ Sanctions are awarded in accordance with Federal Rule of Bankruptcy Procedure 9011.[5] Rule 9011 states, in pertinent part, as follows:

---

4. Federal Rule of Bankruptcy Procedure 4002(5) requires a debtor to "file [with the Court] a statement of any change of the debtor's address."

5. Federal Rule of Civil Procedure 11 is made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9011.

(b) *Representations to the Court.* By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr.P. 9011(b), (c). Thus, both attorneys and represented parties who are responsible for a violation of Rule 9011 may be sanctioned. 10 *Collier on Bankruptcy,* ¶ 9011.08[3][a] (Matthew Bender 15th Ed. Revised 2001); *see also In re Armwood,* 175 B.R. 779, 788 (Bankr. N.D.Ga.1994) (under Rule 11, sanctions may be imposed against individual who signed pleading or against client represented by signer).

■■■ By signing a pleading, motion or other document, an attorney or litigant certifies that he has "conducted a reasonable inquiry into the facts which support the document." *Childs v. State Farm Mutual Auto. Ins. Co.,* 29 F.3d 1018, 1024 (5th Cir.1994). Therefore, by signing the bankruptcy petition in this case, the Debtors and their counsel certified that the document was true and correct to the best of their knowledge and belief, formed after a reasonable inquiry under the circumstances. Hence, the question before the Court is whether the Debtors and/or their counsel "made a reasonable inquiry into the facts and the law to conclude that the filing of the petition was meritorious." *In re Cedar Falls Hotel Props. Ltd.,* 102 B.R. 1009, 1014–15 (Bankr.N.D.Iowa 1989). The burden of proof is on the moving party to prove that Bankruptcy Rule 9011 sanctions are warranted. *Id.*

### THE DEBTORS

■■■ The Movants seek monetary sanctions pursuant to Rule 9011 against the Debtors as reimbursement of attorney's fees incurred as a result of bringing the *Motions to Dismiss* and the *Motions for Sanctions.* As noted previously, a represented party who is responsible for a violation of Rule 9011 may be sanctioned. 10 *Collier on Bankruptcy,* ¶ 9011.08[3][a] (Matthew Bender 15th Ed. Revised 2001). However, responsibility for the violation will depend on the extent of the client's involvement in the management of litigation and the decisions that resulted in a violation of the rule. *Independent Fire Ins. Co. v. Lea,* 979 F.2d 377, 378 (5th

Cir.1992), *cert. denied*, 507 U.S. 1052, 113 S.Ct. 1946, 123 L.Ed.2d 652 (1993). Sanctions generally fall wholly on the client when he has misled his attorney as to the facts or purpose of the proceeding. *Matter of Pasko*, 97 B.R. 913, 918 (Bankr. N.D.Ill.1988). "If the client is knowledgeable about bankruptcy law or shared responsibility with the attorney for litigation strategy, sanctions may be imposed upon the client and attorney jointly and severally." *In re Robinson*, 198 B.R. 1017, 1023 (Bankr.N.D.Ga.1996); *see also Matter of Pasko*, 97 B.R. at 918 (courts allocate sanctions between the attorney and the client according to their relative culpability in violating Rule 11).

■■■ For the reasons delineated above, the Court finds that the Debtors did not intentionally mislead Mr. Moore to file the present bankruptcy case in violation of the refiling bar set out in the *Agreed Orders*. Although they are charged with constructive notice of the bar to refiling and the Debtors' failure to notify Mr. Moore of the bar caused him, in part, to improperly file the present bankruptcy proceeding on their behalf, the Debtors do not appear to have been heavily involved in the management of the present case or in the making of the decisions that resulted in a violation of Rule 9011. In fact, at trial, Mr. Moore stated that during his consultations with the Debtors, they answered his questions to the best of their knowledge but that, because "there were several bankruptcies going on at that same time," the Debtors either did not know or did not recall any information which would preclude them from filing the present Chapter 7 bankruptcy. (Trial transcript, p. 25). Thus, the Court does not perceive that the Debtors were attempting to be less than completely forthcoming with Mr. Moore by failing to disclose the refiling bar, but rather that they were simply uninformed or confused as to the events which transpired in their previous bankruptcy case. Moreover, the Court does not discern that the Debtors were attempting to misguide the Court by failing to disclose all of their prior bankruptcy cases on the Voluntary Petition, but that they were likewise uninformed or confused as to the number of and circumstances surrounding their prior filings. Accordingly, the Court finds that sanctions should not be awarded against the Debtors.

## THE ATTORNEY

The next issue the Court must determine is whether Mr. Moore, pursuant to Rule 9011, conducted "an inquiry reasonable under the circumstances" before he presented the Debtors' present bankruptcy petition to the Court in violation of the refiling bar. That is, whether the investigation by Mr. Moore as to the existence of the refiling bar or as to the number of the Debtors' prior bankruptcy cases was reasonable under the circumstances.[6]

■■■ The Fifth Circuit has stated that the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances, *Childs v. State Farm*, 29 F.3d at 1024, and has set forth the following factors to determine whether an attorney has made a reasonable inquiry into the facts sufficient to satisfy Rule 11:

1.  the time available to the signer for investigation;

. 2.  the extent of the attorney's reliance upon his client for the factual support for the document;

---

**6.** Although Mr. Moore, the Debtors' current attorney, entered an appearance in Chapter 13 case number 00–00643 and Mrs. Weaver's individual Chapter 7, case number 99–00123, he did not represent the Debtors in any of the prior cases.

3. the feasibility of prefiling investigation;

4. whether the signing attorney accepted the case from another member of the bar or forwarding attorney;

5. the complexity of the factual and legal issues;

6. the extent to which development of the factual circumstances underlying the claim requires discovery.

*Id.* at 1026 (citing *Thomas v. Capital Sec. Servs. Inc.,* 836 F.2d 866, 875 (5th Cir. 1988)); *see also Callahan v. Schoppe,* 864 F.2d 44 (5th Cir.1989) (counsel for plaintiff should check available public records to verify facts); *Insurance Benefit Adm'rs, Inc. v. Martin,* 871 F.2d 1354 (7th Cir. 1989) (available documents relevant to case should be examined).

■■■ In his post-trial brief, Mr. Moore maintains that he discussed the Debtors' situation with one of the Debtors' prior bankruptcy attorneys, who indicated to Mr. Moore that he was unaware of any reason the Debtors should not file the present Chapter 7 proceeding. He further states that the Debtors completed a written questionnaire which inquired as to all previous bankruptcy cases filed within the previous six years. He also asserts that he conducted a personal interview with the Debtors wherein he confirmed that no additional bankruptcies had been filed within the prior six years, including any Chapter 7 proceedings which would preclude the present filing.

Mr. Moore further contends in his post-trial brief that he called the voice automated service of the Bankruptcy Court to verify that the Debtors' prior Chapter 13 case number 00–00643 had been dismissed. In addition, he states that he reviewed all of the documents provided to him by the Debtors which they had received from their prior attorneys and from the Bankruptcy Court with regard to their prior bankruptcy cases but that no *Agreed Orders* precluding refiling were included in those documents. Thus, counsel argues that his reliance on the information provided to him by the Debtors and by of one of their prior attorneys, in addition to his inquiry of the Bankruptcy Court automated system wherein he verified that information, as well as his review of the documents provided to him, constitute a reasonable inquiry into the facts supporting the filing of the present petition sufficient to satisfy Rule 11.

However, the assertions made in his post-trial brief are in sharp contrast to his testimony at the trial. When he was questioned from the bench at trial regarding disclosure on the Voluntary Petition of prior bankruptcy cases filed within the past six years, Mr. Moore stated as follows:

THE COURT: Now, my question is, to you [Mr. Weaver, the Debtor] and Mr. Moore, why were those cases not shown on your petition that was filed?

MR. MOORE: If I may, Judge, the question that we ask clients when they come in our office is "Have you filed a Chapter 7 in the last six years, which would preclude you from receiving a discharge in another Chapter 7?" And to Mr. Weaver's knowledge, he had not filed a Chapter 7 in the last six years.

THE COURT: Well, I'll address it to you, then, Mr. Moore. There's nothing in here that limits that question to a Chapter 7. It says prior bankruptcy cases filed within the last six years.

MR. MOORE: I understand that, and that's an error. They should have been listed. But to Mr. Weaver's knowledge, there hadn't been a

Chapter 7 filed. And, in fact, when Ms. Weaver was informed that she had filed a previous Chapter 7 and received a discharge, she was completely unaware of that. And you'll notice in the file that her—and I know that she—I'm sure that she signed off on the petition and all that. But, Judge, there were several bankruptcies going on at that same time, and her appearance at the 341 meeting was waived. And she either didn't recall or didn't remember or didn't know.

THE COURT: All right. So you relied solely—you asked your clients if they filed a Chapter 7 only, Chapter 7 only, and then you relied solely upon what they tell you?

MR. MOORE: That's right.

THE COURT: And you don't make any inquiry through this Court through the mechanisms we have here to see if a client has filed previously?

MR. MOORE: No, sir. Nor do I think that's reasonable under the circumstances to have to do that.

(Trial transcript, pp. 25–26).

Consideration of the conflicting statements made by Mr. Moore and the factors recited previously leads the Court to conclude that Mr. Moore did not conduct an inquiry reasonable under the circumstances in regard to the Debtors' prior bankruptcy filings. That is, given the number of cases that the Debtors did disclose to Mr. Moore and given their confusion as to previous filings, the Court finds that an attorney performing an inquiry reasonable under the circumstances would have conducted further inquiry of the Bankruptcy Court to acquire a complete history of all prior bankruptcy cases filed by the Debtors and would not have relied solely upon the information provided to him by the Debtors.

This Bankruptcy Court provides at least three methods of determining whether a debtor has filed prior bankruptcy cases—the Voice Information Case System, the PACER Internet system, and personal contact with the Bankruptcy Clerk's office. In addition, computers located in the Clerk's office provide another means of accessing Bankruptcy Court records via the Public Access System. Given his familiarity with local bankruptcy proceedings, the Court is of the opinion that Mr. Moore should have conducted a more thorough investigation to uncover all of the Debtors' previous filings and to review the entry of orders within each case. The information was easily attainable and not time consuming. A mere review of the docket sheet for the Debtors' Chapter 13, case number 00–00643, of which Mr. Moore was aware, would have revealed the entry of the *Agreed Orders* barring refiling. In regard to the *Agreed Orders,* the docket entries specifically state that "in the event the case is dismissed or the plan proposed is otherwise not confirmable, the Debtors shall not file another petition under any chapter in this district or in any other for a period of at least one year from the date this case may be dismissed." (Case No. 00–00643, Docket Entries 12, 13). Thus, rather than simply questioning his clients as to prior Chapter 7 proceedings, Mr. Moore would have been able, using easily accessible methods, to have determined not only the actual number of bankruptcy cases filed by the Debtors but also to have ascertained the entry of the *Agreed Orders* precluding refiling. *See, e.g., In re Armwood,* 175 B.R. at 789 ("Awareness of the prior cases filed by Debtor should have prompted Debtor's attorney to engage in a thorough and conscientious pre-filing investigation."); *In re*

*Bono,* 70 B.R. 339, 344 (Bankr.E.D.N.Y. 1987) (attorney not entitled to rest on what client told him when sources are available to corroborate).

■ Moreover, no complex factual or legal issues were involved in determining whether the present bankruptcy petition should have been filed. The factual circumstances allowing or prohibiting the filing of the bankruptcy petition required no "discovery" such as that which might be required to amass support for a complex or novel legal issue. And even if Mr. Moore did rely in part, as he alleges, upon information forwarded to him by the Debtors' prior attorney, "[a]n attorney who signs a pleading may not rely on previous counsel to satisfy his obligation to perform a reasonable inquiry." *In re Burt,* 179 B.R. 297, 303 (Bankr.M.D.Fla.1995).

Thus, despite the Debtors' or prior counsel's failure to make full disclosure to him, the Court concludes that Mr. Moore's investigation as to the actual number of cases filed by the Debtors or the potential prohibition against refiling contained within any of those prior filings was not reasonable under the circumstances given the number of cases known to him to have been filed by the Debtors and given the inconsistencies in his description of his investigation. Consequently, the Court finds that Mr. Moore has violated Rule 9011.

## THE SANCTIONS

■ The Fifth Circuit has stated that Rule 11 requires the imposition of sanctions once a violation has been found. *Childs v. State Farm,* 29 F.3d at 1027; *Thomas v. Capital Sec. Servs. Inc.,* 836 F.2d at 877; *In re Schaefer,* 154 B.R. 227, 231 (Bankr.S.D.Tex.1993). If a court determines that sanctions are warranted, its determination as to what type of sanction should be imposed is discretionary. *Id.*

However, the imposition of sanctions pursuant to Rule 11 is meant to deter attorneys from violating the rule and the sanction imposed should be the least severe sanction adequate to the purpose of Rule 11. *Id.; see also Krim v. First City Bancorporation of Texas, Inc. (In re First City Bancorporation of Texas, Inc.),* 282 F.3d 864 (5th Cir.2002) (sanctions must be chosen to employ the least possible power to the end proposed).

The rule does not list other factors that a court should consider in deciding whether to impose a sanction or what sanction to impose. 10 *Collier on Bankruptcy,* ¶ 9011.07[2] (Matthew Bender 15th Ed. Revised 2001). However, the Advisory Committee Note suggests the following factors for consideration:

— whether the improper conduct was willful or negligent;

— whether it was part of a pattern of activity or an isolated event;

— whether it infected the entire pleading or only one particular count or defense;

— whether the person has engaged in similar conduct in other litigation;

— whether it was intended to injure; what effect it had on the litigation process in time or expense;

— whether the responsible person is trained in the law;

— what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case;

— what amount is needed to deter similar activity by other litigants.

*Id.*

Application of these factors to the present case reveals that Mr. Moore admitted at trial that when interviewing his bankruptcy clients he inquires only as to previ-

ous Chapter 7 cases although the Voluntary Petition requires disclosure of all bankruptcy cases filed within the past six years. Thus, Mr. Moore's inquiry is a pattern of willful activity which potentially impacts upon each bankruptcy petition he files. An attorney who is familiar with bankruptcy proceedings, such as Mr. Moore, should have determined without unreasonable inquiry that the Debtors had filed bankruptcy on numerous occasions and that such repetitive filings likely would have garnered the entry of an order limiting or prohibiting refilings. As noted previously, not only did Mr. Moore fail to discover the entry of the *Agreed Orders,* he also failed to determine that the Debtors had not revealed all of their prior filings to him. Yet, given the accessibility of information available to him from this Court, he could have determined without undue investigation that the docket sheet in the Debtors' prior Chapter 13, case number 00–00643, revealed the entry of two separate *Agreed Orders* prohibiting the Debtors' refiling of bankruptcy within one year from the date of the prior dismissal. His failure to conduct a reasonable inquiry as to previous bankruptcy cases and the orders entered therein has led, in this case alone, to an unnecessary hearing and additional costs.

In *Matter of Lunsford,* a case similar to the one at bar, the court elected not to impose sanctions on two debtor's attorneys who, relying on incorrect information furnished by their clients in regard to prior bankruptcy filings, had failed to accurately disclose the debtors' prior bankruptcies. *Matter of Lunsford,* 43 B.R. 184 (Bankr. N.D.Ga.1984). The *Lunsford* court opined:

> There will be no citation of contempt, fine, or waiver of attorney's fees arising from these particular instances. The Court believes its action to be warranted because of its conclusion that there was

no *willful* contempt on the part of the attorneys, but rather a confusion as to what factors require the attorney to undertake additional reasonable inquiry. Specifically, the answer to question 8 specified on the official form in the bankruptcy petition as well as compliance with bankruptcy law and rules and responsible client counseling of available options demands that debtor's attorneys elicit information from their clients as to pending and/or previous cases or proceedings under Title 11. **These same factors demand that when an attorney receives an affirmative response from his client about a previous bankruptcy filing the attorney is obligated to undertake other reasonable inquiry of the court records.**

. . . The conduct which this Court has found unacceptable is the failure on the part of both attorneys to fulfill their obligations in a responsible manner to the legal system in which they work. Their failure imposes unwarranted additional burdens on clients, creditors, and this Court and staff. **In both of these cases a reasonable response required inquiry independent of information supplied by their clients . . . . .**

Nor should the requirement that counsel make reasonable inquiry prior to preparation and filing of a bankruptcy petition be confused with a situation in which counsel has filed a law suit and has had to rely wholly on his client for certain facts. **There is no analogy between a situation in which there is no reasonable inquiry counsel can make except through discovery months later and the situation in which the debtor has disclosed to the attorney a previous bankruptcy case and the facts surrounding the previous case can be ascertained by a review of the debtor's**

**case file at the bankruptcy clerk's office**.

... [T]he attorney who has ignored such reasonable inquiry proceeds at his own risk both as to award of fees and other factors. A citation for contempt and other sanctions may be imposed as the reasonable way to provide for the best interest of the participants in this Court and to exercise some control over those who choose to practice before this Court.

*Matter of Lunsford*, 43 B.R. at 188–89 (emphasis added).

The Court finds the reasoning contained in the *Lunsford* case to be persuasive. However, in contrast to the *Lunsford* court, this Court perceives that the failure to conduct a reasonable inquiry into the factual basis underlying a bankruptcy petition to be a sanctionable action under Rule 9011. Mr. Moore acknowledged that he routinely inquired of his clients as to any prior Chapter 7 filings only rather than as to all previous filings. He stated at trial that, in his view, additional inquiry was unreasonable. In this particular matter, he did not conduct a reasonable investigation into the circumstances surrounding his clients' prior bankruptcy dismissals. In contrast to the *Lunsford* case, then, this Court finds that Mr. Moore actions in failing to investigate the circumstances surrounding the Debtors' previous bankruptcies were willful and were not the result of confusion as to his duty to conduct a reasonable investigation into the facts underlying the filing of the present bankruptcy petition.

■■■■ Having found a violation of Rule 9011, then, the Court must impose sanctions against Mr. Moore. Sanctions may be monetary or non-monetary. *See, e.g., Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d at 878 (courts may choose to admonish or reprimand attorneys who vio-

late Rule 11). As noted previously, if monetary sanctions are awarded, the Court should consider what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case and what amount is needed to deter similar activity by other litigants. Moreover, "[w]hat constitutes ... a 'reasonable attorney's fee' within the context of Rule 11 must be considered in tandem with the rule's goals of deterrence, punishment, and compensation." *Id.* at 879. The expenses must be caused by the violation and must be reasonable. *Id.* "The 'reasonableness' finding necessarily embraces an inquiry by the court as to the extent to which the nonviolating party's expenses and fees could have been avoided or were self-imposed." *Id.* A party seeking Rule 11 costs and attorney's fees has a duty to mitigate those expenses, and if a litigant fails to do so, the court may exercise its discretion and either reduce the award accordingly, or in some instances, decline to award expenses. *Id.*

■■■ In this case, the Movants have each requested $750 in attorney's fees for a total sanction of $1500 against Mr. Moore. The Court finds, however, that each Movant should be granted $375 as a reasonable attorney's fee for the preparation and prosecution of their *Motion to Dismiss* and *Motion for Sanctions*. Mr. Moore should therefore be sanctioned a total of $750, and he should tender $375 to each of the Movants within 30 days of the entry of the *Final Judgment Granting in Part and Denying in Part Motions for Imposition of Sanctions*. Payment to the Movants for partial reimbursement of their attorney's fees is an appropriate sanction which should be within the financial means of Mr. Moore, as well as deter him from similar activity in the future. Moreover, such an award reflects the Movants' failure to mitigate expenses. That is,

based on Mr. Moore's testimony at trial, within one week of receiving the *Motions to Dismiss* and *Motions for Sanctions* (that is, as soon as he became aware that the case had been filed in violation of the refiling bar), he offered on behalf of the Debtors to agree to the entry of an order permanently lifting the automatic stay as to the Movants and to dismiss the bankruptcy case, which would have resolved the need for a trial on the issue of dismissal.

In addition, the Court finds that Mr. Moore should be required to read Federal Rule of Bankruptcy Procedure 9011. Lastly, within 30 days of the entry of the *Final Judgment Granting in Part and Denying in Part Motions for Imposition of Sanctions*, Mr. Moore should be required to file with the Clerk of Court a certificate stating that he has complied with the mandate of this Court by tendering $375 to each of the Movants and by reading Rule 9011.

## CONCLUSION

Based on the foregoing, the Court concludes that the *Motions for Dismissal of Case* are well taken and should be granted and that the above styled case should be dismissed;

The Court further finds that the Movants request that the Debtors be precluded from refiling a bankruptcy case for a period of one year from the date of dismissal of the present case is not well taken and should be denied. However, following dismissal of the present case, the Debtors should be prohibited from filing a Voluntary Petition under any chapter of the Bankruptcy Code for 205 days following the *Final Judgment Granting Motions to Dismiss* becoming final.

The Court further concludes that the *Motions for Imposition of Sanctions* filed by the Movants, James R. Mozingo and Gary W. Mitchell, are well taken in part

and should be granted in regard to the Debtors' attorney, John D. Moore. Accordingly, Mr. Moore should be sanctioned in the total amount of $750, and he should tender $375 to each of the Movants within 30 days of the entry of the *Final Judgment Granting in Part and Denying in Part Motions for Imposition of Sanctions*. In addition, Mr. Moore should read Federal Rule of Bankruptcy Procedure 9011. Moreover, within 30 days of the entry of the *Final Judgment Granting in Part and Denying in Part Motions for Imposition of Sanctions*, Mr. Moore should file with the Clerk of Court a certificate stating that he has complied with the mandate of this Court by tendering $375 to each of the Movants and by reading Rule 9011.

Finally, the Court concludes that the *Motions for Imposition of Sanctions* are not well taken in regard to the Debtors and should be denied.

A separate judgment will be entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

## FINAL JUDGMENT GRANTING IN PART AND DENYING IN PART MOTIONS FOR IMPOSITION OF SANCTIONS

Consistent with the Court's opinion dated contemporaneously herewith, it is hereby **ORDERED AND ADJUDGED** that:

1. The *Motions for Imposition of Sanctions* filed by the Movants are well taken in part and should be and hereby are granted as to the Debtors' attorney, John D. Moore. Mr. Moore is hereby sanctioned in the total amount of $750, and he shall tender $375 to each of the Movants, James R. Mozingo and Gary W. Mitchell, within 30 days of the entry of this *Final Judgment Granting in Part and Denying in Part Motions for Imposition of Sanctions*. Mr. Moore is hereby or-

dered to read Federal Rule of Bankruptcy Procedure 9011. Mr. Moore is further ordered to file with the Clerk of Court, within 30 days of the entry of this *Final Judgment Granting in Part and Denying in Part Motions for Imposition of Sanctions,* a certificate stating that he has complied with the mandate of this Court by tendering $375 to each of the Movants and by reading Rule 9011;

2. The *Motions for Sanctions* filed by the Movants are not well taken in regard to the Debtors and should be and hereby are denied; and

3. This judgment is a final judgment pursuant to Federal Rules of Bankruptcy Procedure 9021.

### *FINAL JUDGMENT GRANTING MOTIONS FOR DISMISSAL OF CASE*

Consistent with the Court's opinion dated contemporaneously herewith, it is hereby **ORDERED AND ADJUDGED** that:

1. The *Motions for Dismissal of Case* filed by the Movants, James R. Mozingo and Gary W. Mitchell, are well taken and should be and hereby are granted, and the above styled case should be and hereby is dismissed;

2. The Debtors are hereby prohibited from filing a Voluntary Petition under any chapter of the Bankruptcy Code for 205 days following this *Final Judgment Granting Motions for Dismissal of Case* becoming final; and

3. This judgment is a final judgment pursuant to Federal Rules of Bankruptcy Procedure 9021.